511 P.2d 282

Gary Eugene CUMMINGS, Claimant-Appellant,

v.

J. R. SIMPLOT COMPANY, Employer, and Argonaut-Northwest Insurance Co., Surety, Defendants-Respondents.

No. 11141.

Supreme Court of Idaho.

June 29, 1973.

Merrill K. Gee, Gee & Hargraves, Pocatello, for claimant-appellant.

Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

McQUADE, Justice.

Appellant Gary Eugene Cummings has worked for the J. R. Simplot Company for seventeen years, twelve of them at the Pocatello plant. While working on January 8, 1964, appellant slipped and dropped three feet while attempting to beat down accumulated ore in the acidulation plant. Appellant then fell backward against a fume fan door, his lower back hitting a protruding angle iron. Appellant reported the accident to the foreman, went home, and the next day consulted a Dr. Emerson who took x-rays and found no apparent abnormality. Dr. Emerson treated appellant by prescribing muscle relaxant pills and a heating pad. The company paid the bills and noted the incident in its records. Appellant testified that an employee in the insurance and safety department of the company told him that no claim for compensation could be made until he was off work for two weeks.

No doctor was consulted by appellant concerning his back between 1964 and 1969. In May of 1969, appellant consulted the company doctor (the company did not have a plant physician before 1969) regarding a pain in the groin. An x-ray was taken and a muscle relaxant prescribed. It is not clear whether this problem was directly or indirectly related to the 1964 accident.

Part of appellant's duties included lifting and checking the weight of 50 to 80 pound bags of phosphate fertilizer. Sometime near the middle of November of 1971 appellant experienced back problems. Appellant consulted the company doctor who prescribed muscle relaxants. After continuing problems he was referred to a Dr. Gresham who discovered a herniated disc which was then surgically removed.

Notice of injury and claim for compensation was filed on December 1, 1971, and petition for hearing was filed with the Industrial Commission of Idaho on February 18, 1972. On March 27, 1972, the surety moved to dismiss, and on June 9, 1972, the Commission granted the motion to dismiss the petition. The Commission held that appellant's failure to file an application or petition within four years from the date of the accident barred relief under I.C. § 72-407. The Commission further concluded that claimant was barred from claiming medical expenses due to failure to obtain medical treatment within a reasonable time following the accident as required by I.C. § 72-307.

Appellant assigns error to the Commission granting the motion to dismiss alleging that: (1) the actual nature of the injury did not become cognizable until November of 1971; (2) the employer's agent misled claimant by telling him no claim could be filed unless he was disabled for two weeks; (3) barring a claim before the injury becomes known to the employee is contrary to the Idaho Constitution and the purpose of the compensation law.

The Workmen's Compensation Law in Idaho was comprehensively recodified effective on and after January 1, 1972. The provisions of the recodification do not apply to injuries received prior to the effective date of the law.[1] Since the injuries here occurred prior to the effective date of the recodification, the laws in effect prior to the recodification govern.

This action is barred due to the provisions of I.C. § 72-407.[2] Here there

---

1. I.C. § 72-805 (1972 Supp.).

2. I.C. § 72-407 read as follows: *"Claims —Time and manner for relief.*—Where a claim for compensation has been made, and no compensation has been paid thereon, such claimant shall have one year from the date of making such claim within which to make and file with the industrial accident board, an application demanding a hearing and an award under such claim.

"Where, on account of personal injury, payments of compensation have been made and thereafter discontinued, such claimant shall have four years from the date of the accident within which to make and file with the industrial accident board an application demanding a hearing for further compensation and an award.

"In the event there are pending claims for personal injury before the industrial accident board and no compensation

was payment made by the company for the 1964 doctor bills. Due to this, the applicable limitation period of I.C. § 72–407 is the one which reads in part:

"Where, on account of personal injury, payments of compensation have been made and thereafter discontinued, such claimant shall have four years from the date of the accident within which to make and file with the industrial accident board an application demanding a hearing for further compensation and an award."

The date of the accident in this case was January 8, 1964. Claimant filed a notice of injury and claim for compensation on December 1, 1971. Under these facts, I.C. § 72–407 precludes recovery. Since this section prescribes a time limit, where some compensation has been paid, of four years from the date of the accident and not the injury, and since respondents have pleaded the bar of the statute, any claim based on the 1964 accident is thereby barred.[3]

■ Appellant argues that the time for filing a claim should not begin to run until the first manifestation of compensable injuries. "Accident" and "injury" were defined in I.C. § 72–201, which read as follows:

*"Right to compensation for injury.*—If a workman receives personal injury caused by an accident arising out of and in the course of any employment covered by the Workmen's Compensation Law his employer or the surety shall pay compensation in the amounts and to the person or persons hereinafter specified.

" 'Accident,' as used in this law, means an unexpected, undesigned, and unlooked for mishap, or untoward event, happening suddenly and connected with the industry in which it occurs, and which can be definitely located as to time when and place where it occurred, causing an injury, as defined in this law.

"The terms 'injury' and 'personal injury,' as the same are used in this law, shall be construed to include only an injury caused by an accident, as above defined, which results in violence to the physical structure of the body. The said terms shall in no case be construed to include an occupational disease in any form and only such non-occupational diseases as result directly from an injury."

The wording of I.C. § 72–407 is unambiguous, stating that the four year period involved here shall run from the date of the "accident," not from the date of the "injury." This Court has consistently adhered to the principle that where the language of a statute is unambiguous, the clear expressed intent of the legislature must be given effect.[4] The language of I.C. § 72–407 provides that the time for making claim should commence to run from the date of the accident, not from the date of manifestation of compensable injuries.[5]

Appellant cites some cases which were decided in Idaho prior to 1939 and dealt with questions of "repeated trauma." These cases are not in point, since they generally involve injuries subject to the

agreement made, and no compensation paid or where compensation has been paid to the claimant and thereafter discontinued, and more than three years have elapsed since the accident, and if any such claim is not barred by existing law, such claimant shall have one year from the date this act takes effect, within which to make and file with the industrial accident board an application demanding a hearing and an award upon such claim.

"In the event an application is not made and filed as herein provided, relief

on any such claim shall be forever barred."

3. *See* Gregg v. Orr, 92 Idaho 30, 436 P.2d 245 (1968).

4. State v. Riley, 83 Idaho 346, 362 P.2d 1075 (1961); Tway v. Williams, 81 Idaho 1, 336 P.2d 115 (1959); Moody v. State Highway Department, 56 Idaho 21, 48 P.2d 1108 (1935).

5. I.C. § 72–407; Gregg v. Orr, *supra note* 3; Moody v. State Highway Department, *supra note* 4.

**468**

Occupational Disease Law.[6] In 1939 the following sentence was added by amendment to I.C. § 72–201:

"The said terms ["accident," "injury," and "personal injury"] shall in no case be construed to include an occupational disease in any form and only such non-occupational diseases as result directly from an injury."

These changes are important when analyzing cases decided prior to 1939. Appellant also directs attention to several cases from different jurisdictions. These cases are generally distinguishable due to statutory provisions different from those existing in Idaho.

 Appellant further contends that to deny his claim due to the limitations period is unconstitutional. Appellant cites art. I, § 18 of the Idaho Constitution, which states:

"Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay, or prejudice."

The burden of showing the unconstitutionality of a statute is on the party asserting it, and such invalidity must be clearly shown.[7] The question here is whether the state is constitutionally required to provide a cause of action in its workmen's compensation statute for long-delayed disabilities and losses arising more than four years from the accident. Such factors as loss of records, death or dislocation of witnesses, lapse of memories, difficulties of medical proof, and increased risk of malingering[8] could have induced the legislature to enact I.C. § 72–407 in the form in which it is now being considered. This Court, due to a failure to clearly shown any invalidity, finds that I.C. § 72–407 is constitutional.[9]

It is the conclusion of this Court that the findings of the Industrial Commission are supported by substantial and competent evidence and that the ruling of the Commission must be upheld. Order of the Commission affirmed. Costs to respondent.

DONALDSON, C. J., and SHEPARD, McFADDEN, and BAKES, JJ., concur.

6. I.C. §§ 72–1201 to 72–1235; *see also* Davis v. Sunshine Mining Co., 73 Idaho 94, 245 P.2d 822 (1952).

7. Leonardson v. Moon, 92 Idaho 796, 806, 451 P.2d 542 (1969); Idaho Telephone Company v. Baird, 91 Idaho 425, 428, 423 P.2d 337 (1967); Caesar v. Williams, 84 Idaho 254, 371 P.2d 241 (1962).

8. *See* Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1971).

9. For another state which held a similar statute constitutional *see* Ancor v. Belden Concrete Products, Inc., *supra note* 8.