566 P.2d 377

Robert STEINEBACH,
Claimant-Respondent,

v.

HOFF LUMBER COMPANY, Employer, and Argonaut Northwest Insurance Co., Surety, Defendants-Appellants.

John E. MICKELSEN,
Claimant-Respondent,

v.

IDAHO STUD MILL and Argonaut Northwest Insurance Company, Defendants,

and

Mile High Potatoes, Inc., and Industrial Indemnity Company, Defendants-Appellants.

Nos. 12347 and 12334.

Supreme Court of Idaho.

June 24, 1977.

John W. Barrett, Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-appellants in No. 12347.

E. C. Rood, Emmett, for claimant-respondent in No. 12347.

Gary D. Babbitt, Hawley, Troxell, Ennis & Hawley, Boise, for defendants-appellants in No. 12334.

Brent J. Moss, Smith, Hancock & Moss, Rexburg, for claimant-respondent in No. 12334.

SHEPARD, Justice.

This is a consolidated appeal from orders of the Industrial Commission, which although affecting different parties present essentially the same legal questions for our review. In each case employers, employers' sureties and former employers of claimants were ordered to reimburse claimants for medical expenses resulting from industrial injuries which were incurred more than four years prior to the medical treatment.

In case No. 12334 claimant-respondent Mickelsen was employed by Mile High Potatoes during February 1971. On February 22, 1971, he sustained a job-related injury to his right elbow which was placed in a cast for approximately four weeks. The surety paid a total of $97.00 for that injury. The attending physician at that time noted that corrective surgery, while not then necessary, would be required if arthritis developed in the future. Mickelsen left the employment of Mile High permanently in March of 1971, and continued to experience temporary discomfort of the elbow thereafter. During September of 1974, Mickelsen became an employee of Idaho Stud Mill and during the course of that employment reinjured his right elbow. That injury did not require immediate medical attention, but during the following weeks the elbow became an increased source of discomfort. On January 20, 1975, he was examined by an orthopedic surgeon who after viewing x-rays diagnosed the problem as degenerative arthritis and recommended corrective surgery which was later performed.

Mickelsen filed a notice of injury and claim for compensation with Idaho Stud Mill and its surety Argonaut, which claim was denied in March 1975. Thereafter he consulted an attorney and in December of 1975, filed for a hearing before the Industrial Commission against Mile High Potatoes, Idaho Stud Mill and their respective insurers, Industrial Indemnity and Argonaut. Mickelsen's notice to Mile High Potatoes and its surety was by the application for hearing filed four years and ten months after the injury which he sustained while in their employ.

In case No. 12347 claimant-respondent Steinebach was employed by Hoff Lumber Products, and during the course of his employment on May 20, 1970, twisted his back. He reported the injury, was hospitalized for eight days and examined by an orthopedic surgeon who concluded that Steinebach had merely suffered a back sprain and found no evidence of nerve compression in the spine. He filed timely notice of injury and claim and Hoff's surety paid Steinebach benefits of $351.86 for a period of nearly 13 weeks and also paid medical expenses of $713.12. Thereafter Steinebach returned to work at Hoff but was unable to perform his duties, left and found new employment. He continued to experience back pain from 1971 to 1975 and on occasion consulted physicians

and received prescriptions for medication. In early 1975, the pain became progressively worse and on February 3, 1975, more than four years from the date of the accident, he contacted Hoff's surety and requested authorization for a medical examination. He was examined by an orthopedic surgeon on April 27, 1975, who found a nerve impingement and recommended a two-level spinal fusion. The doctor's findings and recommendations were furnished Hoff's surety, but it refused to authorize the treatment and the surgery was not performed until March 2, 1976. In the meantime, on July 17, 1975, more than five years from the date of the accident, Steinebach applied for a hearing before the Industrial Commission seeking further compensation.

Following hearing, the Industrial Commission found in each of the claimant's cases that the conditions requiring surgery were caused by injuries during the course of their employment with appellant employers. No income benefits on account of their disabilities were allowed to either claimant. However, the Commission specifically found that in view of all the circumstances each claimant had requested surgery within a reasonable time following the accident. Therefore based on I.C. § 72–307 (now in amended form I.C. § 72–432) both claimants were awarded compensation for medical and surgical expenses. From those orders awarding only medical and surgical benefits, the sureties and employers appeal.

At the outset we note that appellants' employers and sureties do not quarrel with the finding of the Commission that the medical services were necessary nor the finding that care was rendered within a reasonable period of time under the circumstances. Rather the essence of their argument is that then I.C. § 72–407 bars the relief sought and awarded to claimants. All parties agree that despite subsequent amendments to and the redesignation of statutory section numbers, nevertheless the statutory scheme in effect at the date of the claimants' injuries is controlling.

I.C. § 72–307 in effect at the time of the injuries provided:

"*Medical attendance.*—The employer shall provide for an injured employee such reasonable medical, surgical or other attendance or treatment * * * as may be required or be requested by the employee immediately after an injury, *and for a reasonable time thereafter.* If the employer fails to provide the same, the injured employee may do so at the expense of the employer * * *." (Emphasis added.)

I.C. § 72–407 in effect at the time of the injuries provided:

* * * * * *

"Where, on account of personal injury, payments of compensation have been made and thereafter discontinued, such claimant shall have four years from the date of the accident within which to make and file with the industrial accident board an application demanding a hearing for further compensation and an award.

* * * * * *

"In the event an application is not made and filed as herein provided, relief on any such claim shall be forever barred."

It is the essence of appellant's position that then I.C. § 72–407 is to be read without reference to the remaining statutes, and when so read it bars any claim such as is presented in the case at bar when such claim has not been presented within four years of the date of the accident.

Appellants point out that I.C. § 72–407 is contained in Ch. 4 of Title 72 of the Idaho Code which chapter is entitled Preliminary Procedure within which they argue the legislature intended to prescribe the procedural rules and restrictions which solely govern workmen's compensation claims. They further point out that while I.C. § 72–407 speaks in terms of "compensation," nevertheless "compensation" is defined in I.C. § 72–102(5) as including medical expenses. They argue that I.C. § 72–407 was enacted by the legislature long after the enactment of I.C. § 72–307 and under the familiar rule of statutory construction the later statutory enactment evidences and controls as the

most recent evidence of legislative intent. Based on all those factors, appellants assert that the case at bar is controlled by I.C. § 72–407 and no ambiguity exists between that section and I.C. § 72–307. We disagree.

We note first that I.C. § 72–307 in its specific language deals particularly with and is obviously intended to control the period within which an employer shall provide an injured employee with medical treatment, and that period is "for a reasonable time" following the injury. On the other hand, I.C. § 72–407 on its face and without reference to other statutes contains reference only to "compensation" and the time within which a claim for "compensation" must be made. We believe that on the face of the two statutes an ambiguity and uncertainty exists as to the period of time within which a claim for "medical expenses" must be made after an injury. In such a situation we are required to adhere to the statutory and case law of this jurisdiction that the workmen's compensation law shall be liberally construed in favor of the injured workman and so as to enhance the physical and economical rehabilitation of the injured employee. I.C. § 72–102; *Flock v. J. C. Palumbo Fruit Co.*, 63 Idaho 220, 118 P.2d 707 (1941); *Smith v. University of Idaho*, 67 Idaho 22, 170 P.2d 404 (1946).

It is urged by respondent that I.C. § 72–307 is more specific in applying a period of limitation to medical services alone while I.C. § 72–407 on its face purports to deal generally with all matters of compensation. They argue that when a statute which deals generally with a subject conflicts with another statute which treats specifically with one aspect thereof, the more specific of the statutes will control. 73 Am.Jur.2d, Statutes, § 257; *State v. Roderick,* 85 Idaho 80, 375 P.2d 1005 (1962); *John Hancock Mutual Life Ins. Co. v. Hayworth*, 68 Idaho 185, 191 P.2d 359 (1948); *State ex rel. Taylor v. Taylor*, 58 Idaho 456, 78 P.2d 125 (1938).

Appellants argue that *Cummings v. J. R. Simplot Co.*, 95 Idaho 465, 511 P.2d 282 (1973) mandates a result for the appellant in the instant case. In *Cummings* under a substantially similar factual situation the Industrial Commission had denied benefits. We affirmed that decision. The essence of *Cummings* was that there was no entitlement to compensation since the application therefor was not filed within four years from the date of the accident and therefore barred under I.C. § 72–407. It is clear that the question of medical expenses and the alleged bar of I.C. § 72–407 to claims therefor was not considered by the Court in *Cummings* since there:

> "The Commission further concluded that claimant was barred from claiming medical expenses due to failure to obtain medical treatment *within a reasonable time following the accident as required by I.C. § 72–307.*"

We decline the opportunity to extend the *Cummings* rule to the instant case where the Commission has specifically found that the claim was made within a reasonable time.

Although dissimilar on the facts, we deem there to be instructive language in *Clevenger v. Potlatch Forests, Inc.*, 85 Idaho 193, 377 P.2d 794 (1963). There it was held that a much similar four-year period of limitation in I.C. § 72–607 did not bar reimbursement for medical expenses obtained within a reasonable time after the jury albeit beyond the four-year period. The Industrial Accident Board had there denied benefits on the basis that I.C. § 72–607 required an application to modify an award because of change of condition to be brought within four years of the date of injury. This Court reversed holding that I.C. § 72–607 applied only to changes in condition as to disability and not claims for further medical aid stating:

> "The attendance mentioned in * * * I.C. § 72–307, is required to be furnished 'immediately after an injury, and for a reasonable time thereafter.'
>
> * * * * * *
>
> "Among the primary duties of an employer to an injured workman is to furnish him reasonable medical, surgical or other treatment necessary to rehabilitate him and as far as possible restore his health,

432

usefulness and earning capacity. [citation] By said § 72–307 it is contemplated that the injured workman shall be provided with reasonable medical, surgical and other treatment when and for such period as such services or treatment are reasonably necessary." 85 Idaho at 199–200, 377 P.2d at 798.

We hold that I.C. § 72–407 contemplates a bar to claims for compensation except those based on necessary medical payments claims which are made within a reasonable time of the injury. Such decision is consistent with the expressed legislative intent that the Workmen's Compensation Act shall be construed liberally in favor of the injured employee, I.C. § 72–102, and the policy that one of the principal requirements of the workmen's compensation law is that insofar as possible the injured workman shall be restored to health by reasonable and proper treatment. *See Rohnert v. Amalgamated Sugar Co.*, 95 Idaho 763, 519 P.2d 432 (1974); *Burch v. Potlatch Forests, Inc.*, 82 Idaho 323, 353 P.2d 1076 (1960). *See also, Gomez v. Hausman*, 492 P.2d 1263 (N.M.1972).

The orders of the Industrial Commission are affirmed.

DONALDSON, BAKES, BISTLINE, JJ., and DUNLAP, District Judge (Ret.), concur.