**Gloria WATERS, surviving widow of Ross Greenwood Waters, Jr.; David Waters; Terri Thompson; and Dennis Waters, Plaintiffs-Appellants,**

v.

**ARMSTRONG WORLD INDUSTRIES, INC.; Celotex Corporation; Eagle-Picher Industries, Inc.; Fibreboard Corporation; Forty-Eight Insulation, Inc.; Nicolet Industries, Inc.; Owens-Illinois, Inc.; Owens-Corning Fiberglas Corporation; Pittsburgh Corning Corporation; GAF Corporation; Raymark Corporation; Standard Insulating Company; Turner & Newall PLC, Defendants-Appellees.**

**Mary G. ADAMS, surviving widow of Frank Herbert Adams; Frankie Adams; and Fred M. Adams, Plaintiffs-Appellants,**

v.

**ARMSTRONG WORLD INDUSTRIES, INC.; Celotex Corporation; Eagle-Picher Industries, Inc.; Fibreboard Corporation; Forty-Eight Insulation, Inc.; Johns-Manville Sales Corporation; Nicolet Industries, Inc.; Owens-Illinois, Inc.; Owens-Corning Fiberglas Corporation; Pittsburgh Corning Corporation; GAF Corporation; Standard Abestos Manufacturing & Insulating Company; Unarco Industries, Inc., Defendants-Appellees.**

Nos. 84–4348, 84–4349.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 6, 1985.

Decided Oct. 3, 1985.

Fred Adams, Idaho Falls, Idaho, Marlin Thompson, Paul D. Henderson, Stephenson & Thompson, Orange, Tex., for plaintiffs-appellants.

Christopher Burke, Clemons, Cosho & Humphrey, Boise, Idaho, Gabriel A. Jackson, John R. Wallace, Winningham, Roberts, Rogie & Fama, San Francisco, Cal., N. Randy Smith, Quane, Smith, Howard & Hull, Boise, Idaho, for defendants-appellees.

## OPINION

Before WRIGHT, PREGERSON, and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

This appeal presents legal questions relating to Idaho's statute of limitations governing personal injury and wrongful death actions. Appellants Gloria A. Waters, David Waters, Dennis Waters, and Teri Thompson (hereinafter "the Waters family") appeal from the district court's award of summary judgment against them and in favor of appellees Armstrong World Industries, Inc., et al. (hereinafter "Armstrong"), based on the running of the statute of limitations and the failure of a condition precedent to a wrongful death action under Idaho law. The Waters family are the surviving widow and children of decedent Ross Greenwood Waters. Armstrong, a manufacturer of asbestos and asbestos containing products, is one of several named defendants in the instant action.

Ross Greenwood Waters and Frank Herbert Adams were employed by the Waters Asbestos and Supply Company between 1940 and 1979 (Mr. Adams) and between 1957 and 1982 (Mr. Waters), as installers of insulation products. As insulation workers, both Mr. Waters and Mr. Adams handled and were exposed to large quantities of various asbestos containing products allegedly manufactured and distributed by the various defendant asbestos companies.

Both Mr. Adams and Mr. Waters subsequently became ill and were eventually diagnosed as suffering from asbestosis and lung cancer. Mr. Adams died on August 17, 1979, and Mr. Waters died on October 7, 1982.

The applicable statute of limitations, § 6–1403 of the Idaho Products Liability Reform Act, I.C. § 6–1401 *et seq.*, provides that no products liability claim "may be brought more than two (2) years from the time the cause of action accrued as defined in § 5–219, Idaho Code." I.C. § 6–1403(3). Section 5–219(4) is Idaho's general personal injury statute of limitations. It provides:

> 4. An action to recover damages for ... an injury to the person, or for the death of one caused by the wrongful act or neglect of another, including any such action arising from breach of an implied warranty or implied covenant.... *shall be deemed to have accrued as of the time of the occurrence, act or omission complained of ...*

I.C. § 5–219(4) (1984) (emphasis added). It is undisputed that the last time either Mr. Adams or Mr. Waters could have installed or used asbestos containing products was 1973. All of the evidence indicates, and the parties agree, that no Waters' Company employee, including both Mr. Adams and Mr. Waters, installed asbestos-containing products after 1973. The Waters family further concede that more than two years elapsed from the time Mr. Waters and Mr. Adams last used and were exposed to asbestos-containing products to the first time they became ill and were diagnosed as having asbestosis and lung cancer.[1]

Mr. Adams' heirs filed suit against Armstrong and various other asbestos manufacturers on December 12, 1980, asserting causes of action based upon the three basic products liability theories of breach of implied warranty, negligence, and strict liability in tort, and a cause of action for wrongful death. Armstrong and each of the other defendants subsequently moved for summary judgment based upon the running of the statute of limitations and the consequent failure of a condition precedent to the maintenance of a wrongful death action under Idaho law.[2] The district court granted the defendants' motions for summary judgment on November 1, 1984. In the accompanying Memorandum Decision, the district court judge found that:

1) There is no discovery rule for latent diseases such as asbestosis under the applicable Idaho statute of limitations, I.C. § 5–219(4). *Adams v. Armstrong World Industries, Inc.*, 596 F.Supp. 1407, 1409 (D.Idaho 1984). Thus Adams' cause of action would have been barred as of the date of his death (August 17, 1979) since more than two years had passed since the date of the "act, occurrence, or omission complained of." *Id.* at 1411; and,

2) Idaho has long imposed a condition precedent to the maintenance of a wrongful death action under Idaho Code § 5–311, by requiring that the decedent have been entitled to recover had death not ensued before his heirs may maintain an action for wrongful death. *Id.* at 1412–14. "If faced with the question, the Idaho court would apply the condition precedent rule to the statute of limitations situation...." *Id.* at 1414. Therefore, the heirs in *Adams* were barred from maintaining their action for failing to satisfy a condition precedent. *Id.* at 1415.

The Waters family thereafter filed a nearly identical lawsuit on August 24, 1983, approximately ten months after the date of

---

1. All parties concede that approximately 9 years elapsed from the time Mr. Waters last used or was exposed to asbestos-containing products (1973) to the first time he became ill with what was diagnosed as asbestosis and lung cancer (January 1982). Approximately 6 years elapsed from the time of Mr. Adams' last exposure (1973) to the time he was diagnosed as having asbestosis and lung cancer (May 1979).

2. Defendants maintained that Idaho had long imposed a condition precedent to the maintenance of a wrongful death action under Idaho Code § 5–311, by requiring that the decedent must have been entitled to recover had death not ensued before his heirs may maintain a cause of action for wrongful death.

the Mr. Waters death and nineteen months after he first became ill with asbestosis, but approximately *nine years* after the decedent's last exposure to asbestos-containing products. All of the appellees immediately filed a joint motion for summary judgment based upon the running of the statute of limitations and the consequent failure of a condition precedent to the cause of action for wrongful death. All of the parties to the Waters' case stipulated that the legal conclusions contained in the court's Memorandum Decision in *Adams, supra* would be controlling on the same legal issues raised by Armstrong's summary judgment motion in the instant case. They further agreed and stipulated that there was no dispute as to any material fact which could form the basis of Armstrong's summary judgment motion. Based upon this stipulation, the district court issued a Memorandum Decision stating its reliance on the Memorandum Decision in *Adams, supra,* and entered judgment granting Armstrong's motion for summary judgment. The Waters family thereafter filed this appeal.

### DISCUSSION

This case presents pure questions of state law: whether Idaho courts would create an implicit discovery exception to I.C. § 5–219(4) for latent diseases such as asbestosis, and whether a statute of limitations can be a "condition precedent" whose consequent failure would bar an action for wrongful death under I.C. § 5–311. A district court's decision to grant a motion for summary judgment is reviewed *de novo. Greenfield v. Kootenai County,* 752 F.2d 1387, 1388 (9th Cir.1985).

Despite diligent research, we find no Idaho cases on point and are therefore unable to ascertain how Idaho courts would answer these questions. Although it is clear that Idaho Code § 5–219(4) is the applicable statute of limitations for causes of action asserting personal injury due to prolonged exposure to asbestos and asbestos-containing products, it is not clear whether such statute is implicitly tolled until the injured

person discovers, or in the exercise of reasonable care should have discovered, the disease. In addition, the Idaho Supreme Court has never determined whether an applicable statute of limitations can be a "condition precedent" whose failure would bar a cause of action for wrongful death under Idaho Code § 5–311. Accordingly, we believe that this case is an appropriate one in which to seek guidance from the Idaho Supreme Court under that Court's certification procedure, Idaho Appellate Rule 12.1. Under that rule, we find that: (1) each of the questions presented is a "controlling question of law in the pending action" for which "there is no controlling precedent in the decisions of the Idaho Supreme Court," and (2) "[a]n immediate determination of the Idaho law would materially advance the orderly resolution of the litigation...."

We respectfully request the Idaho Supreme Court to exercise its discretionary authority under Idaho Appellate Rule 12.-1(c) to accept and decide the question.

### ORDER

We certify the following questions to the Idaho Supreme Court:

1. May the heirs maintain a wrongful death action under Idaho Code § 5–311 if the decedent, at the date of his death, would have been barred by the statute of limitations from bringing his own cause of action for personal injuries?

2. Does Idaho Code § 5–219(4) contain an implicit discovery exception for latent diseases such as asbestosis?

We do not intend this formulation to be exclusive. The Idaho Court is free to fashion the basic issues in any appropriate manner. *See Meckert v. Transamerica Insurance Co.,* 742 F.2d 505, 507 (9th Cir.1984); 17 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4248 at 531–32 (1978).

The Clerk will file a certified copy of this Opinion and Order with the Idaho Supreme Court under Idaho Appellate Rule 12.1(b). Pursuant to Idaho Appellate Rule 12.1(b), the parties are hereby notified that they

may file a statement or brief in support of, or in opposition to, the certification with the Idaho Supreme Court. Such statement or brief must be filed within fourteen (14) days from the date of filing of this Order of Certification.

This panel will retain jurisdiction over further proceedings in this court. The parties will notify the Clerk within one week after the Idaho Supreme Court accepts or rejects certification, and again within one week after that Court renders its opinion.