**Alfred J. HISE and Violet Hise, husband and wife, Plaintiffs,**

v.

**JOHN DOES, INC., Nos. 1–100, Garlock, Inc., a foreign corporation; Raymark Industries, Inc., a foreign corporation; and A.W. Chesterton Company, a foreign corporation, Defendants.**

Civ. No. 84–3077.

United States District Court, D. Idaho.

June 26, 1986.

John A. Bardelli, Richard C. Eymann, Spokane, Wash., Thomas A. Mitchell, Coeur d'Alene, Idaho, for plaintiffs.

R.B. Kading, Jr., Warren E. Jones, Scott D. Hess, Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, Idaho, for A.W. Chesterton Co.

Steven R. Stocker, MacGillivray & Jones, Spokane, Wash., Kenneth T. Jacobsen, H. James Magnuson, Coeur d'Alene, Idaho, for Garlock, Inc.

Michael Day, Saetrum Tingey Day & Joyce, Boise, Idaho, for Raymark Industries, Inc.

## MEMORANDUM DECISION

CALLISTER, Chief Judge.

Before the Court are defendants' motions for summary judgment. Counsel presented oral argument on these issues in a hearing held May 28, 1986. The Court has reviewed the memoranda submitted by the parties as well as all other information on file in the case.

This is a products liability action arising from plaintiff's alleged exposure to asbestos. Plaintiffs, Alfred J. Hise and Violet Hise, initially filed their action in state court and defendants subsequently re- moved the action to this court in July of 1984.

Plaintiffs' complaint alleges that during the period from 1952 to 1982, Alfred J. Hise worked for Bunker Hill Mining Co. (Bunker Hill), a company which mined, manufactured, and distributed products containing asbestos at its former plant in Kellogg, Idaho. Plaintiff claims that during his employment he was exposed to large amounts of asbestos dust and was injured thereby. His three-count complaint contains the usual causes of action, negligence, breach of warranty, and strict liability in tort.

The following facts appear to be undisputed. From 1952 to 1982 plaintiff Alfred Hise was employed by Bunker Hill. During that time he was exposed to asbestos-containing products though he himself did not necessarily work directly with those products. Sometime between May 18 and May 21, 1981, plaintiff was examined by two doctors and was diagnosed by each as having asbestosis. Following these diagnoses, plaintiff continued to work at Bunker Hill until November 15, 1982, when the company ceased all operations. From the date of the diagnosis, plaintiff wore a respirator at work.

On May 17, 1983, plaintiffs filed suit in the First District Court of the State of Idaho. In that complaint no individual defendants were named; rather, plaintiffs simply designated the defendants as "John Does, Inc., 1–100." Plaintiffs claim that the closing of Bunker Hill prevented them from ascertaining the defendants individual identities at that time. One year later, on May 31, 1984, plaintiffs filed their first amended complaint, also in First District Court, this complaint being identical to the first one except that it named the three defendant corporations now before the Court.

One year ago, this Court denied all of the defendants' prior motions for summary judgment. The defendants had moved for summary judgment on the ground that the action is barred by the two-year statute of limitations in Idaho Code § 5–219(4). The Court ruled that the statute of limitations

began to run from the date of the plaintiff's *last exposure* to asbestos, not, as defendants contended, from the date of plaintiff's diagnosis. *See* this Court's memorandum decision and order dated June 25, 1985.

Defendants' motions all raise basically four grounds for granting summary judgment as to some or all of plaintiffs' claims:

1. Plaintiffs' complaint fails to state a claim for breach of warranty;

2. Plaintiffs' complaint is barred by the statute of limitations in Idaho Code § 5–219(4);

3. Plaintiffs' complaint should be dismissed for failure to show causation, i.e., for failure to identify defendants' respective products as causing plaintiffs' injury;

4. Plaintiffs' claim for punitive damages should be dismissed because there is no evidence of extreme or outrageous conduct.

*Breach of Warranty.*

The Court will grant summary judgment on plaintiffs' claim for breach of warranty. Plaintiffs have given little opposition to this portion of defendants' motions other than contending that Washington rather than Idaho law applies. The Court finds that regardless of which state's law applies,[1] the complaint fails to state a claim. Like Idaho, Washington has adopted Alternative A of the Uniform Commercial Code § 2–318, which requires privity of contract in order to maintain an action for breach of warranty. Wash.Rev.Code § 62A.2–318; Idaho Code § 28–2–318. Because no privity exists between defendants and the plaintiffs in this action, summary judgment will be granted on the claim for breach of warranty.

*Statute of Limitations.*

The Court's prior ruling on the statute of limitations dealt primarily with the question of relation back under Fed.R.Civ.P. 15. The Court and the parties accepted, for purposes of those prior motions, the fact that plaintiff's last exposure to asbestos occurred when he ceased to work at Bunker Hill on November 15, 1982. Relying on its decision in *Adams v. Armstrong World Industries,* 596 F.Supp. 1407 (D. Idaho 1984), the Court held that the statute of limitations in the present action began to run on the date of the last exposure—assuming that to be the plaintiff's last day at work—and thus plaintiffs' action, filed May 31, 1984, was timely. Now, however, most or all discovery has been completed in this action and it appears from the record that plaintiff's last exposure to asbestos occurred in May of 1981. At that time, plaintiff, following his doctor's diagnosis and recommendation, began using a respirator at work whenever he was in the vicinity of asbestos-containing products. *See* deposition of Alfred Hise at pp. 145–46, 189–90. Plaintiffs are deemed to have admitted this fact given their failure to respond within thirty days to the Request for Admissions of defendant Raymark. Fed.R.Civ.P. 36. The requested admission states:

> Admit that the respirator that you used after being diagnosed as having asbestosis on May 21, 1981, effectively prevented you from inhaling asbestos fibers or dust at the Bunker Hill facility.

Request for Admission, No. 1, dated December 18, 1985.

Defendants once again argue, as they did in their previous motions, that the statute of limitations should begin to run from the date of diagnosis. The Court once again rejects that argument and holds that a

> plaintiff's cause of action for asbestos-related injuries accrues at the date of last exposure to asbestos. Knowledge or discovery of the injury is irrelevant under the Court's analysis of Idaho Code § 5–219(4)....[2]

---

**1.** Idaho would appear to have the most significant relationship to this case; thus, if the Court were to decide, Idaho law would apply.

**2.** The Court would add one minor qualification to the above-quoted language. Whether Idaho Code § 5–219(4) is constitutional under Idaho Const. art. I, § 18, as applied to asbestos claims,

the issue remanded to this Court by the Ninth Circuit in *Adams/Waters,* is not applicable to the present case because the plaintiff had knowledge of his symptoms prior to expiration of the limitations period.

Memorandum Decision, dated June 25, 1985, *supra,* pp. 3–4.

To reiterate, the Court holds that the statute of limitations began to run in this action in May of 1981 because that was the date of last exposure, not because plaintiff was coincidentally diagnosed at that same time. The basis for the Court's ruling here and in *Adams, supra,* is that under Idaho Code § 5–219(4), the "occurrence, act or omission complained of" culminates at the date of last exposure to asbestos. This is nothing more than a common-sense reading of the statute.

Plaintiffs' counsel argued at the hearing that even though plaintiff may have used a respirator at work, he was still exposed to asbestos through the dust on his clothing or in some other fashion. Nothing in the record supports plaintiffs' factual contention in this regard. Further, the studies plaintiffs' counsel refers to are likewise not in the record. The Court thus concludes that because plaintiffs' action was not filed within two years of May 1981, the date of last exposure, it is barred by Idaho Code § 5–219(4).

Because of its rulings above, the Court will not reach the questions of product identification and punitive damages.