Mary G. ADAMS, surviving widow of Frank Herbert Adams, Frankie Adams and Fred Adams, Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Gloria A. WATERS, surviving widow of Ross Greenwood Waters, Jr., David Waters, Teri Thompson and Dennis Waters, Plaintiffs,

v.

ARMSTRONG WORLD INDUSTRIES, INC., et al., Defendants.

Civ. Nos. 80–4161, 83–4120.

United States District Court, D. Idaho.

March 12, 1987.

Merlin Thompson, Orange, Tex., Fred M. Adams, Idaho Falls, Idaho, for plaintiffs.

Christopher C. Burke, Boise, Idaho, Richard A. Hayden, Portland, Or., for Asbestos Claims Facility.

N. Randy Smith, Pocatello, Idaho, for Celotex Corp.

M. Michael Sasser, Boise, Idaho, for Nicolet Industries, Inc.

Terry R. McDaniel, Boise, Idaho, for Raymark Corp.

Howard D. Burnett, Pocatello, Idaho, Edwin V. Apel, Jr., Boise, Idaho, for GAF Corp.

## MEMORANDUM DECISION

CALLISTEC, Chief Judge.

On November 1, 1984, this Court entered a judgment in the case of *Adams v. Armstrong World Industries, Inc.*, 596 F.Supp. 1407, 1409 (D.Idaho 1984). The Court granted the several defendants' motions for summary judgment on the grounds that the applicable state statute of limitations, Idaho Code § 5–219(4), had run and that the plaintiffs had failed to meet the condition precedent imposed by Idaho Code § 5–311 in wrongful death actions. During oral argument on those issues, the Court raised the issue, *sua sponte*, of whether the applicable statute of limitations violated Art. 1, § 18, of the Idaho Constitution. After oral argument, the parties briefed the issue but the Court did not rule on that issue in its memorandum decision.

On appeal, the Ninth Circuit addressed two questions:

1. May the heirs maintain a wrongful death action under Idaho Code § 5–311 if the decedent, at the date of his death, would have been barred by the statute of limitations from bringing his own cause of action for personal injuries?

2. Does Idaho Code § 5–219(4) contain an implicit discovery exception for latent diseases such as asbestosis?

*Waters v. Armstrong World Industries, Inc.*, 773 F.2d 248, 250 (9th Cir.1985).

The Ninth Circuit concluded:

Despite diligent research, we find no cases on point and are therefore unable to ascertain how Idaho courts would answer these questions.

*Id.* The Ninth Circuit then requested that the Idaho Supreme Court accept certification of the questions under Idaho Appellate Rule 12.1.

The Idaho Supreme Court rejected certification of the questions, stating that its prior decisions "are sufficient to give guidance for the determination of the Idaho law involved in this action...." In an unpublished opinion filed on May 5, 1986, the Ninth Circuit held that this Court had properly ruled on the questions. However, the Ninth Circuit remanded the issue of whether Idaho Code § 5–219(4) violated Art. 1, § 18 of the Idaho Constitution. No evidence on that question had been presented to this Court, and the Ninth Circuit "determined that it would be prudent to remand this matter to permit the parties to develop a more complete record on this issue." Accordingly, on October 2, 1986, this Court ordered that the parties advise the Court of the nature of the evidence they wished to present and the time required to make such presentation so that the matter could be set for hearing.

Eventually the parties stipulated to the evidence they wished to present and waived the hearing. They have now filed all the stipulated evidence along with explanatory briefing and the issue is properly before the Court.

Art. 1, § 18 of the Idaho Constitution provides:

Justice to be freely and speedily administered.—Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay or prejudice.

Idaho Code § 5–219(4) is Idaho's personal injury and wrongful death statute of limitations. It provides that in all cases except medical malpractice actions involving foreign objects left in the body or the fraudulent concealment of professional malpractice, an action accrues "as of the time of the occurrence, act or omission complained of" and that the action must be brought within two years of the date on which it accrues. This Court has held that in asbestosis cases the statute of limitations begins to run on the date of the plaintiff's last exposure to asbestos products. *Adams, supra; Hise v. Garlock,* 669 F.Supp. 1026, (D.Idaho 1986). And as noted above, this Court has held, and the Ninth Circuit has affirmed, that there is no discovery rule in Idaho Code § 5–219(4) for latent diseases such as asbestosis. *Adams, supra; Waters, supra; see also Kellogg v. Johns-Manville Corp.,* Civil No. 80–1192 (D.Idaho filed August 21, 1981) (where Judge McNichols reached the same result).

In accordance with the mandate by the Ninth Circuit, the plaintiffs have submitted evidence in an attempt to prove that "all persons exposed to asbestos do not develop discoverable symptoms of asbestosis until after the two-year statute of limitations has expired." The plaintiffs have produced overwhelming evidence that in the vast majority of cases asbestosis has a latency period from initial exposure of twenty to forty years. Plaintiffs conclude, based on this evidence, that it is merely coincidental if a person diagnosed as having asbestosis discovers the disease within two years of the last exposure. Hence, they say, the two-year statute of limitations violates Art. 1, § 18 because a person suffering asbestosis would generally lose his cause of action before he could become aware of it.

The defendants presented several individual cases wherein the plaintiffs had worked with asbestosis products for a number of years and had manifested the disease while they were still being exposed to such products. In those cases, the plaintiffs' diseases became manifest before the two-year limitation began or would have begun to accrue. *See, Hise v. Garlock, supra;* the complaint in *Scott v. Consolidated Rail Corp.,* Case No. 85–CV–1252 (N.D.N.Y. filed September 16, 1985); the deposition of Henry A. Anderson, M.D., taken February 10, 1977, in the case of *Starnes v. Johns-Manville Corp.,* No. 2–75–122 (E.D.Tenn.); deposition of Irving J. Selikoff, M.D., taken June 14, 1973, in the case of *Liberty Mutual Life Insurance Co. v. LaGrappe* in the district court of Jefferson County, Texas, 58th Judicial District.

The evidence also indicates that Adams and Waters could have timely filed their present suits. The defendants agree that the last possible exposure for both Adams and Waters was in 1973. Adams became ill and was diagnosed as having lung cancer and asbestosis in 1979. He died on August 17, 1979. Waters was diagnosed as having asbestosis in 1982 and died on October 7, 1982. However, a 1971 X ray of Adams, read by Dr. William Rom in 1979, showed that Adams had asbestosis as early as 1971. Two 1975 X rays of Waters read by Drs. J.D. Baltzell and R.A. Butz in 1975 revealed that Waters had early signs of asbestosis in that year. Those facts, however, do not change the analysis of the case because the date of the last exposure remains the date on which the statute of limitations began to run. These facts are merely illustrative of the point that a class of plaintiffs exists who can timely file their suits for damages from asbestosis.

From the above evidence, the Court concludes that despite the long latency period, not every asbestosis victim will be barred from bringing an action under Idaho Code § 5–219(4). A class of persons who are exposed to asbestos products most of their lives or who are re-exposed to asbestos within two years before showing asbesto-

466

sis-related symptoms will not normally be barred by the limitation. Another class of persons, those who are exposed to asbestos for only a short period of time or are not exposed within two years of the outbreak of asbestosis-related symptoms will normally be barred from bringing suit. From the evidence presented, the Court is unable to determine the relative size of each of those two groups. However, because of the following legal analysis, the size of the two groups is irrelevant.

The parties have stipulated to the above facts and the Court finds that there is no genuine issue of material fact presented. Based on those facts, the Court will address the constitutionality of § 5–219(4).

The Idaho Supreme Court set out its approach for interpreting Art. I, § 18 in *Moon v. Bullock*, 65 Idaho 954, 151 P.2d 765 (1944), overruled on other grounds, *Doggett v. Boiler Eng'g & Supply Co., Inc.*, 93 Idaho 888, 477 P.2d 511, 513 (1970). In *Moon* the court held that the action before it did not survive the tortfeasor's death. The plaintiff argued that the barring of certain actions because of the tortfeasor's death was unconstitutional because Art. I, § 18 guarantees a remedy for every injury of person. The court held, quoting the trial court:

"This untenable argument results from counsel's literal construction of the constitutional provision, without reference to the historical back-ground of our jurisprudence, and in disregard of the outstanding features of our constitutional system, namely, the division of our government into three co-equal departments, and prohibition of the exercise by any one of them of powers properly belonging to either of the others (Sec. 1 of Art. II). Sec. 18 of Art I is directed to the courts. If the courts are thereby commanded to create a remedy for a wrong where no remedy existed theretofore; or if they are to recognize a cause of action which abated by reason of the death of a necessary party to it, they would in many instances be called upon to legislate; it would often require them to modify or entirely override positive and well-established rules and laws. The

books are full of instances where the courts have had to admit that existing law—statutory or common—did not do exact justice, or did not meet with our revised ideas of justice, but that the remedy lay, not with the courts, but with the Legislature.

"I cannot so interpret Sec. 18 of Art. I. It grants no new rights, modifies no existing law, and prescribes no new duties. It merely admonishes the courts to administer 'right and justice without sale, delay or prejudice.' It does not, and was not intended to enlarge or extend the rights or remedies of the citizens. Its purpose and effect are to secure the citizen the rights and remedies that the law as it then existed, or as it might be changed from time to time by the Legislature, afforded."

*Id.*, 151 P.2d at 769.

The foregoing language makes it clear that the Idaho Supreme Court does not view Art. I, § 18 as self-executing. Instead, it merely admonishes the Idaho courts to dispense justice and to secure citizens the rights and remedies afforded by the legislature or the common law. While the Idaho legislature and the Idaho Supreme Court have changed the law on the issue of whether certain actions survive the death of a tortfeasor (*Doggett, supra*), *Moon* is still the law on the issue of the interpretation of Art. I, § 18.

The Idaho Supreme Court has taken a similar approach to Art. I, § 18 since the time of *Moon*. In *Cummings v. J.R. Simplot Co.*, 95 Idaho 465, 511 P.2d 282 (1973), the plaintiff was injured on the job in 1964. His employer paid the medical bills, but no claim was made for worker's compensation. It was not until 1971 that the plaintiff discovered that he had a herniated disc in his back that required surgery.

On December 1, 1971, the plaintiff made his claim for worker's compensation. The Idaho Supreme Court held that the relevant statute of limitations, Idaho Code § 72–407, barred the claim. The statute provided that where an employer made payments but the payments had discontinued, the

claimant would have only four years from the date of the *accident* to file a claim.

The plaintiff challenged the constitutionality of § 72–407 under Art. I, § 18. The court held:

The burden of showing the unconstitutionality of the statute is on the party asserting it, and such invalidity must be clearly shown. The question here is whether the state is constitutionally required to provide a cause of action in its workmen's compensation statute for long-delayed disabilities and losses arising more than four years from the accident. Such factors as loss of records, death or dislocation of witnesses, lapse of memories, difficulties of medical proof, and increased risk of malingering could have induced the legislature to enact I.C. § 72–407 in the form in which it is now being considered. This Court, due to a failure to clearly show any invalidity, finds that I.C. § 72–407 is constitutional.

*Id.,* 511 P.2d at 285 (footnotes omitted).

In *Twin Falls Clinic and Hosp. Bldg. Corp. v. Hamill,* 103 Idaho 19, 644 P.2d 341 (1982), the Idaho Supreme Court addressed the issue of whether the Idaho statute delineating the time within which actions arising out of the design or construction of improvements to real property are deemed to have accrued violated Art. I, § 18. The essence of the limitation in question was that no tort actions for design or construction could be brought more than eight years after completion. The court held:

The Clinic asserts that this Constitutional provision prohibits the legislature from abolishing a common law right of action without providing a substitute therefor. Although other courts have split as to the interpretation of similar state constitutional provisions in identical circumstances, this Court has previously rejected such a construction in *Jones v. State Board of Medicine,* 97 Idaho 859, 555 P.2d 399 (1976), *cert. denied* 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977),

and we continue to adhere to that decision.

*Id.,* 644 P.2d at 346.

In *Jones v. State Board of Medicine, supra,* the Idaho Supreme Court addressed the constitutionality of the 1975 Hospital-Medical Liability Act, Title 39, Chapter 42, of the Idaho Code. That Act placed limitations on the remedies and recoveries available in medical malpractice actions against physicians and acute health care facilities. The trial court held that Art. I, § 18 "effectively adopted the common law as it existed in 1890 and thereby preserved the common law right of action for medical malpractice." 555 P.2d at 404. The argument was that the legislature could alter common law remedies but that it must provide substitute procedures or remedies and in no case could deny a remedy that existed at common law.

The Idaho Supreme Court flatly rejected that reasoning:

To adopt that argument would be to hold that the common law of 1890 governs the health, welfare and safety of the citizens of this state and is unalterable without constitutional amendment. Nothing in Art. I, § 18 either explicitly or implicitly prohibits legislative modification of common law actions. Art. I, § 18 contains no reference whatsoever to the common law. The only adoption of the common law in this jurisdiction is found in Art. XXI, § 2 of the state constitution and I.C. § 73–116. Those provisions clearly contemplate the inherent power of the legislature to modify the common law with few exceptions.

*Id.,* 555 P.2d at 404.

The plaintiff in *Jones* further argued that the distinction made between victims of medical malpractice violated the equal protection clauses of the Fourteenth Amendment and Art. I, § 2 of the Idaho Constitution. The court held that the distinction between victims did not infringe upon a fundamental right that would necessitate the application of the "strict scrutiny test" for equal protection purposes. The court then stated:

**468**

We also disagree with the assertion that such classification involves fundamental rights as contemplated by Art. I, § 18, of the Idaho Constitution.

*Id.,* 555 P.2d at 410.

The foregoing cases reveal that the Idaho Supreme Court has not made the language in Art. I, § 18 self-executing. Rather, the provision simply admonishes the Idaho courts to secure rights and remedies to citizens under the law as modified from time to time by the state legislature. This interpretation of Art. I, § 18 plainly applies to statutes of limitations. *Hamill, supra; Cummings, supra.* Furthermore, the Idaho Supreme Court has manifest that limitations on rights of recovery do not involve fundamental rights protected by Art. I, § 18. *Jones, supra.* Hence, Idaho Code § 5–219(4) is constitutional despite the fact that it eliminates certain classes of plaintiffs. In that respect it is no different than any of the above-cited cases, each of which eliminated certain classes of plaintiffs or limited their recovery.

The Court is aware that many state courts have interpreted constitutional provisions similar to Art. I, § 18 as self-executing. *See Berry v. Beech Aircraft Corp.,* 717 P.2d 670 (Utah 1985) (where the Utah "Open Courts" provision was read to mean "an individual could not be arbitrarily deprived of effective remedies") and cases cited therein. The Court is also aware that Justice Bistline argued for a similar result in his dissent in *Hamill.* 644 P.2d at 353–355. However, the Idaho Supreme Court has never reached such a result and has to date manifest that it would reach an opposite result. Hence, this Court holds that Idaho Code § 5–219(4) is constitutional and accordingly will grant summary judgment to the defendants.