532 P.2d 921

Jack S. BROOKS, Claimant-Appellant,

v.

Travis DUNCAN, dba Duncan Construction Company, Non-Insured Employer, Defendant-Respondent.

No. 11527.

Supreme Court of Idaho.

March 7, 1975.

**580**

Emil F. Pike, of Webb, Pike, Burton & Carlson, Twin Falls, for claimant-appellant.

· Phillip M. Barber, of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendant-respondent.

BAKES, Justice.

This case involves a claim by the appellant Jack S. Brooks for additional workmen's compensation benefits for medical expenses, temporary total disability and permanent partial disability. On August 4, 1967, Brooks, who was operating a loader owned by respondent Travis Duncan, was injured when the loader rolled over him, crushing his pelvis. Brooks filed a claim which Duncan denied, claiming that Brooks was not an employee of his. Brooks demanded a hearing which was held before the Industrial Accident Board (the predecessor of the Industrial Commission) on October 13, 1967, in which it was determined that Brooks was in Duncan's employ when the injury occurred, and thus Duncan was obligated to pay benefits to Brooks under the workmen's compensation laws. On November 28, 1967, the board ordered Duncan to pay the medical expenses

Brooks had incurred to that date ($1,374) plus total temporary disability payments of $37 per week for a nine-month period. Included within the Findings of Fact, Rulings of Law and Order made by the Industrial Accident Board that day were the following:

## FINDINGS OF FACT

" (5) That the Claimant has incurred hospital expenses as of the date of the hearing of $1112.00 and medical expenses in the amount of $262.00; that the claimant had been totally disabled from working since the date of the accident to the date of the hearing and has not been discharged by the doctors who attended the Claimant, and that no evaluation of residual partial permanent disability has been made as of the date of the hearing." (Exhibit 1, p. 8).

## RULINGS OF LAW

" (3) Subject to any party's right of appeal, the above award is final only as to the issues herein decided. *As to* other issues pending at the time of the hearing herein, issues which may have arisen since the hearing, or *issues which may hereafter arise, the Board reserves jurisdiction to hear and determine upon appropriate supplemental pleadings by any party in interest."* (Emphasis added). (Exhibit 1, p. 8).

and the following language contained in the order:

"[T]he Defendant [is to] pay to the Claimant or on his behalf all medical and hospital expenses incurred in the treatment of the Claimant upon the same being finally determined. . . ." (Exhibit 1, p. 9).

Duncan paid the medical expenses and disability payments awarded against him in the November 28, 1967, order.

Following the initial period of disability after the accident, Brooks resumed working even though he found prolonged sitting and sudden movements to be painful. He later consulted Dr. Edward M. Tapper, an orthopedic surgeon, about the matter. Dr. Tapper concluded that the pain was being caused by rotation of the pelvis and sacrum and an angulation of the coccyx. He recommended that the tip of the coccyx be removed. This surgery was performed on Brooks on January 6, 1970, and as a result of the operation Brooks was unable to work for several months afterward.

Brooks never contacted Duncan or the Industrial Commission before this surgery was performed. On November 13, 1972, he wrote a letter to the Industrial Commission inquiring about the possibility of eligibility for further benefits under the workmen's compensation laws. On December 6, 1972, he filed a formal application for a hearing asking for the medical expenses for his second operation, total temporary disability payments for the period which he was unable to work following the second operation, and a permanent partial disability award for permanent injury to his lower spine. In a hearing before the Commission on that claim, Dr. Tapper testified that the surgery he performed on Brooks was necessary to correct a condition caused by the accident in 1967. The Commission agreed, finding to that effect and further finding that Brooks had suffered a change in condition after the award of November 28, 1967, which necessitated the surgery performed by Dr. Tapper. The Commission refused to grant Brooks' claim, however, even though it found that the condition corrected had been caused by the industrial accident, because it found the claim to be barred by the statute of limitations and because it found that Brooks had failed to notify Duncan of the operation in order to afford Duncan an opportunity to authorize or reject further treatment at his expense.

The Industrial Commission based its decision with respect to the statute of limitations upon the following statutory provisions:

*"72-407. Claims—Time and manner for relief.*—Where a claim for compensation has been made, and no compensation has been paid thereon, such claimant shall

have one year from the date of making such claim within which to make and file with the industrial accident board, an application demanding a hearing and an award under such claim.

"Where, on account of personal injury, payments of compensation have been made and thereafter discontinued, such claimant shall have four years from the date of the accident within which to make and file with the industrial accident board an application demanding a hearing for further compensation and an award. . . ."

"*72–607. Modification of awards and agreements—Time within which made.* —On application made by any party within *five* years of the date of the accident causing the injury, on the ground of a change in conditions, the board may . . . review any agreement or award, and on such review may make an award ending, diminishing or increasing the compensation previously agreed upon or awarded. . . ."[1]

The Commission concluded that the claim was doubly barred by the statute of limitations because: (1) following an award once paid and discontinued, Brooks failed to make and file his claim for further compensation and award within four years of the date of the accident, as required by I.C. § 72–407; and (2) in asking for further compensation on the ground of change in condition, Brooks failed to apply for this award within five years of the accident, as required by I.C. § 72–607. The Commission further rejected the medical claim upon the ground that Brooks failed to notify Duncan of the necessity for further surgery, thereby denying Duncan an opportunity to provide the necessary treatment. Although the Commission gave no authority for this rule of law, it is apparently based upon I.C. § 72–307,[2] as interpreted in Scott v. Aslett Construction Co., 92 Idaho 834, 452 P.2d 61 (1968).

On the general applicability of the statutes of limitations, Brooks argues that the Industrial Accident Board's reservation of jurisdiction as to matters arising after its initial award prevents the running of the statutes of limitations, and that the reservation of jurisdiction has become the law of the case to which Duncan is bound. Furthermore, Brooks claims that since I.C. § 72–407 was not plead with particularity in Duncan's answer as required by I.R.C.P. 9(h), that that section cannot bar Brooks' recovery. Additionally, Brooks maintains that I.C. § 72–607 is not applicable to this claim because that section deals with a change in conditions after a final award, but his claim was not for compensation based on a change in conditions following a final award. Finally, on the matter of the necessity of first notifying his employer before seeking treatment, Brooks argues that the order of the Industrial Accident Board required Duncan to pay all expenses that might be incurred in treating Brooks' injury, whether incurred before or after the order, without regard to prior notice. Brooks further argues that even if he were otherwise required to notify Duncan before seeking additional care, in light of Duncan's refusal to pay the first amount ordered until execution was begun on his property, notification would be a futile act and the Commission should not declare that to be a prerequisite to recovery.

We conclude that the Industrial Commission erred in dismissing Brooks' claim. When Brooks demanded a hearing on his claim which was denied by Duncan, the Industrial Accident Board was vested with the jurisdiction to decide all of the issues involved in the matter, including the

1. These sections of the Idaho Code have been repealed by Ch. 124, 1971 Session Laws, which enacted into law a comprehensive recodification of the workmen's compensation laws. The recodification, which became effective January 1, 1972, provided in I.C. § 72–805 that the new enactment was not to have retroactive effect, and that injuries received before the law's effective date would be governed by prior law. All code references herein are to the prior law.

2. Which was also repealed by Ch. 124 of the 1971 Session Laws.

issues of permanent disability and the total amount of medical expense which would ultimately be required to correct Brooks' physical injury. From finding of fact (5) entered by the Commission on November 28, 1967, it is apparent that the Commission did not intend to pass on the claimant's permanent disability until he was subsequently released by his doctors. Implicit in that finding is that there would be additional medical expenses incurred until that final release was obtained. This is apparently common practice for the Industrial Commission and reflects the public policy that an injured workman should not have to wait until his condition has totally stabilized before he could obtain an award for the injury. The purpose of the workmen's compensation law was to avoid the procedural delays which were incumbent in the common law system of compensating injured employees, and to have the compensation start immediately by means of temporary awards, pending a final determination after the injured employee's condition stabilized. I.C. §§ 72–102, 72–307, 72–310, 72–312, (all repealed by Ch. 124, 1971 Session Laws). *See* Kelley v. Prouty, 54 Idaho 225, 30 P.2d 769 (1934).

The respondent Duncan maintains that the statute of limitations in I.C. § 72–407 and § 72–607 affects the Industrial Commission's authority to retain jurisdiction, and that any attempt by the Commission to retain jurisdiction beyond the time set out in those statutes is void. However, in our opinion, those two statutes do not bear upon the authority of the Commission to retain jurisdiction regarding an industrial claim. Craft v. State Compensation Director, 149 W.Va. 28, 138 S.E.2d 422 (1964); 3 Larson's Workmen's Compensation Law, § 81.53, pp. 354.14–18 (1973).

Moreover, a close analysis of those statutes demonstrates that they are not applicable to the facts of this case. Under I.C. § 72–407, there are two separate limitations periods. First, where a claim for compensation has been filed, and no compensation has been paid by the employer or surety, the claimant has one year within which to demand a hearing for an award of such claim. Secondly, where the claimant has filed a claim for compensation, and payments for compensation have voluntarily been made by the employer or surety, and thereafter discontinued, such claimant shall have four years from the date of the accident within which to demand a hearing for an award. It is the demand for hearing which must be filed within the statutory period. In this case the claimant filed his claim, which was denied, and demanded his hearing and obtained it before the Industrial Accident Board. Thus, the technical requirements of the statute were met. The claimant having demanded his hearing in 1967, and received it, I.C. § 72–407 is not applicable to his situation.

I.C. § 72–607 deals with modifying awards on the ground of change of conditions, and provides that such an application must be made within five years of the date of the accident. However, where the Commission has not made a final award, but has only made temporary allowances, there is no final award to be modified. We conclude that I.C. § 72–607 only applies where a final award has been made by the Commission.

Furthermore, we feel that not only are I.C. §§ 72–407 and 72–607 inapplicable to the circumstances of this case, but that they do not set any public policy limiting the amount of time within which the Industrial Commission can retain jurisdiction after making a temporary allowance in order to make a final permanent award to an injured employee.

For the foregoing reasons we conclude that the Industrial Commission erred in determining that Brooks' claim for a permanent partial disability allowance, together with his claim for temporary total disability as a result of the second operation was barred by the statute of limitations.

Having so ruled, the Commission's determination denying Brooks' medical expenses for his second operation in the

amount of approximately $840 was error, unless Brooks' failure to notify his employer prior to the operation requires such a result. As pointed out earlier herein, the Commission had ordered the "Defendant to pay to the Claimant or on his behalf all medical and hospitals expenses incurred in the treatment of the Claimant upon the same being finally determined." Throughout the proceedings the defendant employer had continually denied all expenses and refused to pay them. Under these circumstances, no further action on behalf of the claimant was necessary to obtain reimbursement for any allowable expense which was reasonably related to the industrial accident. Scott v. Aslett Construction Co., *supra,* is inapposite. The matter is remanded to the Industrial Commission to determine whether the medical claim by Brooks was "reasonable medical, surgical or other . . . treatment . . . required . . . by the employee immediately after an injury, and for a reasonable time thereafter." I.C. § 72–307.

 Finally, there is an evidentiary matter which is raised by appellant. At the hearing before the Commission, Brooks attempted to prove the reasonableness of his hospitalization bills through the testimony of his surgeon, Dr. Tapper. Duncan's counsel objected that unless it was shown that Dr. Tapper was a qualified expert in the field of hospital administration he could not give his opinion on such a matter. The Commission erroneously upheld the objection. We have repeatedly said that proceedings under the workmen's compensation law are not governed by the strict rules of evidence as applied in courts of law, e. g., Hite v. Kulhenak Bldg. Contractor, 96 Idaho 70, 524 P.2d 531 (1974); Duggan v. Potlatch Forest, Inc., 92 Idaho 262, 441 P.2d 172 (1968). The claimant established an adequate foundation with the witness, Dr. Tapper, to show that he was familiar with the charges made by other hospitals in the area for similar services, and that the charges were reasonable. Dr. Tapper should have been permitted to testify regarding the reasonableness of the hospital expenses. By so holding, however, we do not imply that every claimant must support his claim for hospital expenses by expert testimony.

Reversed and remanded for further proceedings consistent with this opinion. Costs to appellants.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.