665 P.2d 701
**Ethel Marie BUDELL,**
**Plaintiff-Respondent,**

v.

**Arthur Lewis TODD and Jane Doe I,**
**husband and wife,**
**Defendants-Petitioners.**

**No. 99039.**

Supreme Court of Idaho.

June 17, 1983.

---

M. Michael Sasser, of Hamlin & Sasser, Boise, for defendants-petitioners.

Bradley S. Ford, P.A., Nampa, for plaintiff-respondent.

**PER CURIAM:**

The defendant in this action has filed a motion to appeal by certification from an interlocutory order, namely an order denying a motion for summary judgment, under Rule 12 of the Idaho Appellate Rules.

I.A.R. 12 was adopted by the Court in 1977 and implemented a procedure similar to an appeal from an interlocutory order from a federal district court to a court of appeals under 28 U.S.C. § 1292(b) and Rule 5 of the Federal Rules of Appellate Procedure for the United States Courts of Appeals. Under the Idaho rule a party to an action in a district court or a proceeding in an administrative agency may seek permission to appeal from an interlocutory order which is not otherwise appealable as a matter of right under I.A.R. 11. The basic criteria for consideration of such an appeal by certification from an interlocutory order under Rule 12 is that the order "involves a controlling question of law as to which there is substantial grounds for difference of opinion," and that an immediate appeal from the order "may materially advance the orderly resolution of the litigation ...." The rule requires a party to first make application to the district court or administrative agency for its advisory ruling, and thereafter the party files a motion with the Supreme Court requesting it to accept the appeal from the interlocutory order. The defendant in this case properly followed the procedures set forth in the rule and did obtain an order of the district court recommending the appeal by certification.

The legal issue that would be raised by an appeal by certification from the order denying the motion for summary judgment is whether a prior judgment in favor of the defendant in a small claim action for property damage to a vehicle in an accident bars this action for personal injury under the doctrines of *res judicata,* collateral estoppel, or the single cause of action rule. The defendant argues that this issue is a controlling question of law inasmuch as if these doctrines are applied to this factual situation, the motion for summary judgment for the defendant would be

**4**

granted thereby terminating the case. While no argument is presented by the defendant as to why an immediate appeal would "materially advance the orderly resolution of the litigation," it is obvious that if the defendant prevails, it will prevent the necessity of a trial. At the same time, it is obvious that if the defendant does not prevail in the appeal, the trial of the action and relief sought by the plaintiff will be delayed by the pendency of this interlocutory appeal and that there is a possibility of a second appeal after the trial in the district court.

In accepting or rejecting an appeal by certification under I.A.R. 12, this Court considers a number of factors in addition to the threshold questions of whether there is a controlling question of law and whether an immediate appeal would advance the orderly resolution of the litigation. It was the intent of I.A.R. 12 to provide an immediate appeal from an interlocutory order if substantial legal issues of great public interest or legal questions of first impression are involved. The Court also considers such factors as the impact of an immediate appeal upon the parties, the effect of the delay of the proceedings in the district court pending the appeal, the likelihood or possibility of a second appeal after judgment is finally entered by the district court, and the case workload of the appellate courts. No single factor is controlling in the Court's decision of acceptance or rejection of an appeal by certification, but the Court intends by Rule 12 to create an appeal in the exceptional case and does not intend by the rule to broaden the appeals which may be taken as a matter of right under I.A.R. 11. For these reasons, the Court has, over the six year experience of the use of Rule 12, accepted only a limited number of the applications for appeal by certification.

Applying these criteria to this case the Court concludes that an appeal by permission from the order denying the motion for summary judgment would not be appropriate. Accordingly, the motion to appeal by certification under I.A.R. 12 is denied.

No costs are awarded.