684 P.2d 296

**Ron L. REYNOLDS,
Claimant-Appellant,**

v.

**BROWNING FERRIS INDUSTRIES,
Employer,**

and

**Transportation Insurance Co., Surety,
Defendants-Respondents.**

No. 14781.

Supreme Court of Idaho.

July 11, 1984.

Gardner W. Skinner, Jr., Boise, for claimant-appellant.

Michael G. McPeek, Boise, for defendants-respondents.

HUNTLEY, Justice.

By this appeal we are called upon to consider whether a claimant's appeal is premature and therefore barred, when taken from a decision of the Industrial Commission in which decision the Commission has retained jurisdiction pending: (1) the completion of retraining and the subsequent final permanent disability rating and award, when the anticipated period of retraining extends beyond the five year period of limitations for the modification of ratings and awards, and (2) the setting of a final impairment rating in the case of a claimant whose medical condition is degenerative, when the worsening effects of the condition will probably manifest themselves over a period of time exceeding the five year period of limitations, and when the degeneration will cause the level of the claimant's impairment to change.

Claimant brought the appeal, not to contest the retraining benefits or 30% impairment rating awarded at the present time, but to protect his right to receive a higher rating if his condition deteriorates as the undisputed medical testimony indicates it will.

However, the appeal is unnecessary in light of the status of this case. The Commission retained jurisdiction for the determination of changes in impairment rating as follows:

IT IS FURTHER ORDERED, and this does order, that the Commission retain jurisdiction for a reasonable time in the future, subject to the provisions of the statutory and case law of the Workmen's Compensation Laws of the State of Idaho, to determine all issues not decided herein, including, but not limited to, the amount of the claimant's permanent partial impairment, should such impairment increase in the future, the amount of the claimant's permanent partial disability upon completion of this course of retraining if such disability exceeds his impairment rate, and continuing jurisdiction

over such future medical expenses as the claimant may be entitled to under the Workmen's Compensation Law.

In *Brooks v. Duncan*, 96 Idaho 579, 532 P.2d 921, this Court recognized that it is appropriate for the Commission to retain jurisdiction in cases of this nature.

This appeal is therefore improvident and is hereby dismissed. No costs or attorney fees on appeal.

DONALDSON, C.J., and SHEPARD, BAKES and BISTLINE, JJ., concur.