684 P.2d 297

Hyrum Evan HORTON, Claimant-Appellant,

v.

GARRETT FREIGHTLINES, INC., Employer, and Truck Insurance Exchange, Surety, Defendants-Respondents.

No. 14990.

Supreme Court of Idaho.

July 16, 1984.

Steven V. Richert, Pocatello, for claimant-appellant.

Gary L. Cooper, Pocatello, for defendants-respondents.

SHEPARD, Justice.

This is an appeal from an order of the Industrial Commission which dismissed claimant's application for hearing on the basis that it was not filed within five years of the date of the accident. We reverse and remand.

In 1974, claimant Horton suffered a fracture of his right hip from an accident arising out of and in the course of his employment. During the next eight months, claimant was paid total temporary disability income benefits, together with the costs of his medical treatment, following which he returned to work for Garrett. At the initiation of this action, claimant Horton was 49 years old and had worked for Garrett for approximately 32 years.

Following claimant's return to work in October 1974, the surety wrote Horton's doctor inquiring if "you feel that this patient is due any permanent partial disability award because of this accident and if so, please advise how much so that we may compute on that basis." The doctor responded, "I would strongly advise that his case remain open because arthritis of varying degrees is often associated with a hip fracture such as he had. This may not develop for some time. And there is no way at this time of predicting whether or not he will develop arthritis." The surety immediately filed a summary and award with the commission setting forth the

amounts paid for medical and income benefits at that point and making a request that the file be closed. The surety did not mention any impairment or disability rating. Staff of the commission filed the summary and award form, noting thereon that it was "approved *subject to determination of permanent disability,* if any."

Claimant consulted his doctor in December 1978, who found no arthritis, but in August 1981, claimant consulted another doctor, who noted significant progressive degenerative changes in Horton's right hip joint and advised that claimant would require a total hip replacement or other medical procedure within the next three to five years. Continued slow degeneration of claimant's hip was again noted in March 1982.

In April 1982, claimant filed an application for hearing with the commission, and at that time Garrett agreed to pay Horton's medical benefits, but denied liability for any other benefits. At that time claimant was still employed by Garrett. Following hearing in January 1983, the commission held that claimant's application was barred because not filed within five years of the date of the accident, stating:

"Claimant's application falls within the terms of section 72–706(2), Idaho Code. That section provides that when payments of compensation have been made, and thereafter discontinued, the claimant shall have five years from the date of the accident causing the injury within which to make and file with the commission an application requesting a hearing for further compensation and award. With the exception of the claim for medical benefits, the claimant's application for hearing and award is barred by this section because his application for hearing was not filed within five years of the date of the accident."

The holding of the commission was based upon the provisions of I.C. § 72–706(2) effective at the time of the accident. That section provided, in 1974:

"When compensation discontinued. When payments of compensation have

been made and thereafter discontinued, the claimant shall have five (5) years from the date of the accident causing the injury or date of first manifestation of an occupational disease, within which to make and file with the commission an application requesting a hearing for further compensation and award."

■ Idaho's workmen's compensation statutes are designed to provide "sure and certain relief for injured workmen and their families ..." I.C. § 72–201. This Court has consistently held that legislative policy requires our statutes be construed "liberally in favor of the claimant." *Miller v. Amalgamated Sugar Co.,* 105 Idaho 725, 672 P.2d 1055 (1983); *Hattenburg v. Blanks,* 98 Idaho 485, 567 P.2d 829 (1977); *Miller v. FMC Corp.,* 93 Idaho 695, 471 P.2d 550 (1970); *Kiger v. Idaho Corporation,* 85 Idaho 424, 380 P.2d 208 (1963). In keeping with that legislative intent, it is a prudent practice for the Industrial Commission to retain jurisdiction in cases where, as here, it is clear that there is a probability that medical factors will produce additional physical impairment in the future. In essence, we approved of this practice in *Brooks v. Duncan,* 96 Idaho 579, 583, 532 P.2d 921, 925 (1975), stating that limitation periods for filing claims "do not bear upon the authority of the Commission to retain jurisdiction regarding an industrial claim."

While in *Steinebach v. Hoff Lumber Co.,* 98 Idaho 428, 432, 566 P.2d 377, 381 (1977), we held that the then statute (I.C. § 72–407, now I.C. § 72–706), "contemplates a bar to claims for compensation except those based on necessary medical payments claims which are made within a reasonable time of the injury," nevertheless, construing *Steinebach* and *Duncan* together, we conclude that income benefits are time barred by I.C. § 72–706(2), unless the commission has retained jurisdiction of the claim.

■ When the surety in the instant case requested closure of the file, the staff of the commission noted that the closure was approved "subject to determination of the permanent disability, if any." We deem

that conditional closure of the file a clear indication of the intent to retain jurisdiction for future determination of permanent disability.

"Although the Commission may not in so many words have reserved continuing jurisdiction, such jurisdiction is usually found when the order by its nature lacks finality, or when it calls for or permits some further step on the part of one of the parties." 3 Larsen, The Law of Workmen's Compensation § 81.53(b) (1982).

We find these further comments of Larsen particularly significant:

"It is odd indeed to find, in a supposedly benificent piece of legislation, the survival of this fragment of irrational cruelty surpassing the most technical forfeitures of legal statutes of limitation. Statutes of limitation generally proceed on the theory that a man forfeits his rights only when he inexcusably delays assertion of them, and any number of excuses will toll the running of the period. But here no amount of vigilance is of any help. The limitations period runs against a claim that has not yet matured; and when it matures, it is already barred. For good measure, the exclusive remedy provisions of the Compensation Act also abolish claimant's common-law remedies." 3 Larsen, The Law of Workmen's Compensation § 78.42(b) (1982).

We hold that the Industrial Commission has retained jurisdiction of this claim for a future determination of permanent disability, and the order of the Industrial Commission, to the extent it is inconsistent herewith, is reversed. Costs to appellant. No attorney's fees allowed.

BISTLINE, J., and OLIVER, J. pro tem., concur.

DONALDSON, C.J., concurs in the result.

BAKES, Justice, dissenting:

I agree with the majority's analysis up to and including its conclusion "that income benefits are time barred by I.C. § 72-706(2), unless the commission has retained jurisdiction of the claim." *Ante* at 298. However, I disagree strongly with this Court's unwarranted conclusion that the Industrial Commission has retained jurisdiction. The Court states, *ante* at 299, "We deem that conditional closure of the file a clear indication of the intent to retain jurisdiction for future determination of permanent disability." The Court then concludes "that the Industrial Commission has retained jurisdiction of this claim for a future determination of permanent disability, and the order of the Industrial Commission, to the extent it is inconsistent herewith, is reversed." *Ante* at 299. It is incongruous to state that there is "a clear indication of the intent to retain jurisdiction," and then immediately thereafter to reverse the commission's determination that it did not intend to retain jurisdiction, stating that it is "inconsistent herewith."

While it may be a prudent practice for the Industrial Commission to retain jurisdiction in cases such as these, there is nothing in the law which requires the retention of jurisdiction. In our recent opinion of *Reynolds v. Browning Ferris Industries,* 106 Idaho 894, 684 P.2d 296 (1984), it is clear that the Industrial Commission knows how to retain jurisdiction when it intends to do so.

The Industrial Commission specifically considered the question of whether or not the rubber stamp on the summary and award was an act by the commission resulting in retained jurisdiction. At the hearing, Mr. Defenbach stated:

"MR. DEFENBACH: For the record, I'm going to say this, I hope I speak on behalf of the Commission: I'm going to make a record as to the history of the stamp of the Commission on Exhibit No. 1. That is, it was placed on there, apparently, October 28, 1974 "Approved subject to determination of permanent disability, if any."

"Then, let the record show that the Commission takes judicial notice of that particular type of stamp as it exists today which reads, to this effect that quote

898

approved subject to the determination of permanent disability, if any, within the prescribed statutory periods of limitation unquote."

The Industrial Commission then concluded that:

"The statement entered on the Summary and Award cannot be construed as an Order reserving jurisdiction.... The statement on the form is not signed by the Commission and does not purport to be an Order of the Commission. It does not purport to reserve jurisdiction of the Commission in any manner."

The Court's ruling today is unfortunate. It turns the judicial power of the Industrial Commission over to a staff member with a rubber stamp, thus depriving the duly appointed members of the Industrial Commission the authority vested in them by the statutes of this state. I.C. § 72–506 provides:

"72–506. Acts of commission or reference—Hearing officers.—(1) Any investigation, inquiry or hearing which the commission has power to undertake or hold may be undertaken or held by or before any member thereof or any hearing officer, referee or examiner appointed by the commission for that purpose. "(2) Every finding, order, decision or award made by any member, hearing officer, referee, or examiner pursuant to such investigation, inquiry or hearing, *when approved and confirmed by the commission, and ordered filed in its office, shall be deemed to be the finding, order, decision or award of the commission.*"

The action of the clerk in stamping the particular form has not been approved and confirmed by the commission. In fact, the commission has expressly disavowed that it has retained jurisdiction in this matter. This Court's ruling that the action of the staff member in stamping the claim was a retention of jurisdiction by the commission is in direct conflict with I.C. § 72–506(2).

Furthermore, this Court's action today constitutes a gross interference with the administration of the Industrial Commis-

sion. This Court has often stated that the Industrial Commission is a specialized tribunal, and that we would defer to their administrative experience and expertise. *Thom v. Callahan,* 97 Idaho 151, 540 P.2d 1330 (1975); *Dawson v. Hartwick,* 91 Idaho 561, 428 P.2d 480 (1967). The commission has stated that it never retained jurisdiction in this case. If there was ever a case where this Court ought to defer to the commission's own interpretation of its action, and not meddle in its internal administrative affairs, this is the case.