795 P.2d 309

**Larry M. KINDRED,
Claimant–Appellant,**

v.

**The AMALGAMATED SUGAR COMPA-
NY, Employer, Defendant–Respondent.**

**No. 17790.**

Supreme Court of Idaho.

July 18, 1990.

**148**

John F. Greenfield, Boise, for claimant-appellant.

Richard K. Dredge, Boise, for defendant-respondent.

BOYLE, Justice.

In this worker's compensation case we are called upon to determine whether the Commission erred in denying claimant's motion for clarification of award.

Claimant-appellant, Larry Kindred (hereafter "Kindred") was employed by Amalgamated Sugar Company (hereafter "Amalgamated") in Twin Falls, Idaho between 1971 and 1984. On August 11, 1975, Kindred fell and his left leg was caught under the wheels of a railroad car resulting in the surgical amputation of the leg four inches above the knee. The facts of the case and the proceedings before the Industrial Commission are set forth in *Kindred v. Amalgamated Sugar Co.*, 114 Idaho 284, 756 P.2d 401 (1988) (hereafter *"Kindred I"*), and will not be restated here.

Following this Court's decision in *Kindred I*, Kindred filed a motion with the Industrial Commission for clarification of his award. In his motion Kindred sought clarification of the income benefits allegedly owed to him by Amalgamated for total temporary income benefits for the periods between May 16, 1976 and December 31, 1983, and between January 1, 1985 and August 16, 1988. The Industrial Commis-

sion denied Kindred's motion for clarification on the basis that the "decision of the Commission in the above matter which was affirmed by the Supreme Court on appeal has become final through operation of law and cannot now be clarified or amended in any way." Thereafter, Kindred filed a motion for reconsideration which was also denied by the Industrial Commission on the basis that Kindred should have raised the issue of entitlement to past income and total temporary disability benefits in prior proceedings before the Commission, or while the case was on appeal to the Supreme Court. The Commission concluded that it lacked jurisdiction to consider the matter and adhered to its prior order dismissing claimant's motion for clarification. This second appeal followed.

I.

*Industrial Commission Retained Jurisdiction*

■ A careful review of the record before us does not disclose an express ruling by the Industrial Commission on the issue of income benefits owed claimant for the periods of May 16, 1976 through December 31, 1983, and January 1, 1985 through August 16, 1988. Rather, the record clearly reveals that the Industrial Commission specifically reserved or retained jurisdiction over the case and stated:

> The Commission hereby *reserves jurisdiction* to determine in the future, in the event the claimant's condition is changed by additional medical treatment, whether the claimant continues to be totally disabled or whether the claimant's condition is changed to a condition of permanent partial disability. (Emphasis added.)

*See* Order on Denial of Petition for Rehearing. *Kindred v. Amalgamated Sugar Co.*, 114 Idaho at 291, 756 P.2d at 408.

In *Reynolds v. Browning Ferris Indus.*, 113 Idaho 965, 751 P.2d 113 (1988), this Court held that whenever the Industrial Commission explicitly retains jurisdiction over a matter, that act by its very nature infers that there is neither a final determination of the case nor a final permanent

award to claimant.[1] *Id.* at 969, 751 P.2d 113; *see also Horton v. Garrett Freight-lines, Inc.,* 106 Idaho 895, 684 P.2d 297 (1984), and *Brooks v. Duncan,* 96 Idaho 579, 532 P.2d 921 (1975). Consequently, a decision of the Commission which does not finally dispose of all of the claimant's claims would not be a final decision subject to appeal pursuant to I.A.R. 11(d), particularly as in this case where the Industrial Commission did not rule on the issue of income benefits and expressly retained jurisdiction.

## II.

### *Appeal By Permission: I.A.R. 12*

■ Under I.A.R. 12, a party may seek permission to appeal from an interlocutory order which is not otherwise appealable as a matter of right under I.A.R. 11(d). Generally, an appeal under I.A.R. 12 will be permitted when the order involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal may materially advance the orderly resolution of the litigation. *Budell v. Todd,* 105 Idaho 2, 665 P.2d 701 (1983). Since this case has been briefed and argued we will consider and treat this appeal as an appeal by permission under I.A.R. 12.

■ In the instant appeal, a review of the Industrial Commission's findings of fact, conclusions of law and order dated February 6, 1987, reveals a well written decision which carefully considered all of the appropriate factors necessary for an award of total temporary disability benefits. However, after discussing the factors to be considered, the Industrial Commission did not enter a specific order awarding or denying payments for total temporary disability benefits sought by Kindred.

Amalgamated argues that the Industrial Commission's February 6, 1987 order contained a detailed analysis of all factors necessary for a determination of entitlement to temporary total disability benefits, and where the decision did not expressly grant claimant's request for those income benefits, the order should be considered to be equivalent to an order denying benefits. With this argument we cannot agree. Had the Commission not retained jurisdiction its original decision would have been final and could not have been amended or clarified in any way following *Kindred I.* However, the Commission did retain jurisdiction and under these circumstances it is not inappropriate for us to accept and consider the appeal as a permissive appeal under I.A.R. 12. The Worker's Compensation Act is to be construed liberally in favor of a claimant since the humane purposes for which it seeks to serve leave no room for narrow, technical construction. *Hattenburg v. Blanks,* 98 Idaho 485, 567 P.2d 829 (1977); *Jones v. Morrison–Knudsen Co., Inc.,* 98 Idaho 458, 567 P.2d 3 (1977). Under the circumstances presented here the Commission's failure to award benefits cannot be construed as an order denying benefits. Such a construction would be contrary to both the spirit and intent of the Worker's Compensation Act and is clearly inconsistent with the Commission's clear and unambiguous order reserving or retaining juris-

1. In *Reynolds v. Browning Ferris Indus.,* 106 Idaho 894, 684 P.2d 296 (1984), this Court was called upon to determine whether a claimant's appeal was premature when taken from a decision of the Industrial Commission in which it retained jurisdiction pending the completion of retraining. In *Reynolds,* the claimant brought an appeal to protect his right to receive a higher rating if his condition deteriorated. This Court dismissed the appeal on the basis that it was unnecessary in light of the fact that the Commission had retained jurisdiction for the determination of changes in the impairment rating. Following dismissal of the appeal, a hearing was held before the Industrial Commission to determine the extent of Reynolds' permanent partial disability. Reynolds requested that a determination of his permanent disability rating be held in abeyance indefinitely, but the Commission denied his motion. Reynolds appealed the Commission's denial of his motion, *Reynolds v. Browning Ferris Indus.,* 113 Idaho 965, 751 P.2d 113 (1988), claiming that the Commission erred in refusing to retain jurisdiction over his case. In that second appeal this Court held that "whenever the Commission explicitly retains jurisdiction over a matter, that act by its very nature infers that there is neither a final determination of the case nor a final permanent award to the employee." 113 Idaho at 969, 751 P.2d at 117.

diction on the issue of future changes in Kindred's condition.

The Industrial Commission having retained jurisdiction, it is appropriate that the case be remanded to permit the Commission to consider Kindred's motion asking the Commission to clarify its initial decision explaining whether it denied Kindred's claim to total temporary disability benefits or merely overlooked ruling on that issue.

We therefore vacate the Commission's denial of order denying claimant's motion for clarification of award and its subsequent denial of claimant's motion for reconsideration and remand the case to the Commission.

Costs to appellant; no attorney fees awarded on appeal.

BAKES, C.J., JOHNSON and McDEVITT, JJ., and WALTERS, J. Pro Tem., concur.

BAKES, Chief Justice, concurring specially:

Had the Commission not retained jurisdiction in this matter, then their conclusion that the "decision of the Commission in the above matter which was affirmed by the Supreme Court on appeal has become final through operation of law and cannot now be clarified or amended in any way," would assuredly be correct. However, as this Court has only recently discovered, the Commission retained jurisdiction in this case, a point which was not brought to our attention, and which was apparently overlooked by this Court in the original appeal, *Kindred v. Amalgamated Sugar Co.*, 114 Idaho 284, 756 P.2d 401 (1988) (*Kindred I*). Had the retained jurisdiction been called to our attention, or been discovered by the Court *sua sponte*, the appropriate action in *Kindred I* would have been to dismiss the appeal. *Reynolds v. Browning Ferris Industries*, 106 Idaho 894, 684 P.2d 296 (1984). However, being unaware of the retained jurisdiction, the case went to a final decision by this Court in *Kindred I*, in which we affirmed the order of the Commission which made no award for total temporary disability benefits.

Had the Commission not retained jurisdiction, I would vote to affirm the Commission's decision that the case was final and cannot now be clarified or amended in any way. However, since the Commission did retain jurisdiction in the case, it had authority to consider Kindred's motion to clarify its original order. That is not to suggest that the Commission must clarify its original order. The Commission may well conclude that Kindred did not raise any issue concerning total temporary disability benefits for the period he is now claiming, and if the Commission so concludes it would be justified in not modifying its order. However, having retained jurisdiction, the Commission does have the authority to consider Kindred's motion if it concludes that the issue was raised and not waived. Accordingly, I concur in the Court's vacating of the Commission's order denying Kindred's motion for clarification of his award, and remanding for the Commission to consider that motion.