88 P.3d 695

**STATE of Idaho, Plaintiff–Appellant–Cross–Respondent,**

v.

**Lyle John MAYNARD, II, Defendant–Respondent–Cross Appellant.**

No. 29340.

Supreme Court of Idaho, Lewiston, October 2003 Term.

Feb. 11, 2004.

Rehearing Denied April 27, 2994.

Hon. Lawrence Wasden, Attorney General, Boise, for appellant. Lori A. Fleming argued.

Clark & Feeney, Lewiston, for respondent. Charles M. Stroschein argued.

BURDICK, Justice.

The State has petitioned this Court for review from the decision of the Court of Appeals dismissing the appeal. Because the district court erred in allowing the State to proceed with an interlocutory appeal and the magistrate abused his discretion in issuing his discovery sanction, the Court remands this case for further proceedings.

## BACKGROUND

Maynard was charged with misdemeanor driving under the influence of alcohol, and through counsel entered a not guilty plea. Well in advance of trial, defense counsel submitted to the State a request for discovery pursuant to Rule 16 of the Idaho Criminal Rules. The State responded to the request on the same day it was received and objected to requests numbered IX through XXVI, and XXVIII, claiming the information requested to be "beyond the scope of discovery pursuant to Idaho Criminal Rules." Following a hearing on Maynard's first motion to compel, the magistrate issued an order which stated, "that the information requested by the Defendant in his interrogatories is covered by Rule 16 of the Idaho Criminal Rules, and the State must comply with discovery to all the interrogatories to which it objected in its answers."

After meeting no success in obtaining the information sought by Request No. XXVIII, Maynard's counsel filed a second motion to compel, seeking specifically:

all facts and data upon which each and every expert witness who may be called by plaintiff to give testimony at trial of above captioned matter bases each and every opinion or inference which may or shall be or is intended to be included in the testimony of each such expert witness.

Due to the State's non-compliance in responding to the discovery, defense counsel requested that the court not allow the blood test results to be submitted as evidence in the case and for the imposition of monetary sanctions against the State.

In ruling on the motion to compel with respect to Request XXVIII, the magistrate found that despite the defense's repeated requests, the State had not provided the information or a cogent reason for its failure to comply with what the court viewed as a routine request. Therefore, the magistrate determined that the State had violated the

discovery order of October 26, 2000, by not sufficiently responding to Request XXVIII. The magistrate further ordered that the State could not call its chemist, Stuart Jacobsen, as its expert witness and that the blood test results would be stricken as evidence in this matter. When the magistrate also denied the State's motion to reconsider, the State filed a notice of appeal to the district court from the magistrate's interlocutory discovery sanction.

The district court treated the appeal as an appeal by permission pursuant to I.A.R. 12 and pursuant to I.C.R. 54.1(i) dealing with interlocutory appeals, rejecting Maynard's argument challenging the appealability of the order finding a discovery violation and imposing sanctions. The district court issued its opinion upholding the magistrate's finding of substantial and competent evidence to support the magistrate's determination of a discovery violation and affirmed the order imposing sanctions.

The State appealed, contesting the discovery violation sanction, which was affirmed by the district court. Maynard cross-appealed, challenging the district court's decision accepting the appeal as a permissive appeal pursuant to I.A.R. 12. The State now seeks review of the Court of Appeals' decision holding that the district court erred in reviewing the magistrate's order, where the State had made no effort to comply with the rules on an interlocutory appeal and there was a timely objection by Maynard to this procedural defect.

## STANDARD OF REVIEW

"When considering a case on review from the Court of Appeals, this Court gives serious consideration to the Court of Appeals; however, this Court reviews the trial decision directly. This Court is not merely reviewing the correctness of the Court of Appeals' decision; rather, this Court is hearing the matter as if the case were on direct appeal from the district judge's decision." *Northland Ins. Co. v. Boise's Best Autos & Repairs*, 131 Idaho 432, 433, 958 P.2d 589, 590 (1998) (citations omitted).

## ANALYSIS

### I.

The State filed a notice of appeal from the magistrate's order imposing discovery sanctions barring the admission of the blood test results at trial, as well as the testimony of the State's expert witness, Stuart Jacobsen. The State cited as authority for the appeal section (d) of Idaho Criminal Rule 54.1, which provides that an appeal [from a magistrate] may be taken to the district judge's division of the district court from "an order granting a motion to suppress evidence in a misdemeanor criminal action." The State thereby attempted to define the order appealed from as a motion to suppress, asserting this position even at oral argument before this Court. Its argument carries no weight as suppression orders operate to exclude evidence obtained in violation of an individual's Fourth Amendment rights, which is not the case here.

The State further argues that by the sanction imposed it is precluded from presenting any case against Maynard. While the State's argument may simply be recognizing the practical difficulties in obtaining a conviction without BAC evidence, there is well-established precedent holding that the State may prove a violation of I.C. § 18–4004 either by proof of a BAC in excess of the statutory limit or by circumstantial evidence of impaired driving ability or readily observable symptoms of intoxication. *See State v. Knoll*, 110 Idaho 678, 718 P.2d 589 (Ct.App.1986). Even if the State could not obtain a conviction without the BAC evidence, that fact would not transform an order barring such evidence as a discovery sanction into "an order granting a motion to suppress evidence" as that phrase is used in I.C.R. 54.1.

An appeal, however, may be taken from an interlocutory order rendered by a magistrate when processed in the same manner provided by Rule 12 of the Idaho Appellate Rules and accepted by the district court. *See* I.C.R. 54.1(i). I.A.R. 12 provides in part:

Permission may be granted by the Supreme Court to appeal from an interlocutory order or decree of a district court in a

civil or criminal action, or from an interlocutory order of an administrative agency, which is not otherwise appealable under these rules, but which involves a controlling question of law as to which there is substantial grounds for difference of opinion and in which an immediate appeal from the order or decree may materially advance the orderly resolution of the litigation.

I.A.R. 12(a). The rule also prescribes that the appealing party must seek permission from both the trial court that issued the interlocutory order and the appellate court.

Motion to District Court or Administrative Agency—Order. A motion for permission to appeal from an interlocutory order or decree, upon the grounds set forth in subdivision (a) of this rule, shall be filed with the district court or administrative agency within fourteen (14) days from the date of entry of the order or decree. The motion shall be filed, served, noticed for hearing and processed in the same manner as any other motion, and hearing of the motion shall be expedited. In criminal actions a motion filed by the defendant shall be served upon the prosecuting attorney of the county. The court or agency shall, within fourteen (14) days after the hearing, enter an order approving or disapproving the motion.

Motion to Supreme Court for Permission to Appeal. (1) Motion of a party. Within fourteen (14) days from entry by the district court or administrative agency of an order approving or disapproving a motion for permission to appeal under subdivision (b) of this rule, any party may file a motion with the Supreme court requesting acceptance of the appeal by permission. A copy of the order of the district court or administrative agency approving or disapproving the permission to appeal shall be attached to the motion. If the district court or administrative agency fails to rule upon a motion for permission to appeal within twenty-one (21) days from the date of the

filing of the motion, any party may file a motion with the Supreme Court for permission to appeal without any order of the district court or administrative agency.

I.A.R. 12(b), (c).

■ The State failed to comply with the above-described procedures and never sought permission to appeal from the magistrate's interlocutory order. The record on appeal then does not contain a motion for permission to appeal from either the magistrate or the district court, as required by Rule 12 governing permissive appeals. *See State v. McCarthy,* 133 Idaho 119, 982 P.2d 954 (Ct.App.1999). An appeal should not be dismissed automatically in every instance where the rules have not been strictly followed, however, a dismissal for non-compliance with the rules of appellate procedure is discretionary. *Bernard v. Roby,* 112 Idaho 583, 733 P.2d 804 (Ct.App.1987).

■ The district court, citing *McCarthy, supra,* concluded that the decision whether to allow the appeal to proceed as a permissive appeal was a discretionary matter and that a motion seeking permission to appeal was not jurisdictional, as provided by I.A.R. 21.[1] *See id.* at 123, 982 P.2d at 958. The district court exercised its discretion in Maynard's case and held that the State's failure to obtain permission from the trial court and the appellate court, in violation of I.A.R. 12, was not fatal to the pursuit of the appeal. The district court relied upon two cases where the Supreme Court disregarded the appellant's noncompliance with I.A.R. 12: *North Pacific Ins. Co. v. Mai,* 130 Idaho 251, 939 P.2d 570 (1997) and *Kindred v. Amalgamated Sugar Co.,* 118 Idaho 147, 795 P.2d 309 (1990).

In *North Pacific,* the Court held:

Under these circumstances, and because the trial court's decision involves a controlling question of law as to which there is substantial grounds for difference of opinion and because an immediate appeal may materially advance the orderly resolution

---

1. I.A.R. 21 provides:
   Failure of a party to timely take any other step in the appellate process [other than the filing of the notice of appeal] shall not be deemed

   jurisdictional, but may be grounds only for such action or sanction as the Supreme Court deems appropriate, which may include dismissal of the appeal.

of the litigation, we will consider and treat this appeal as an appeal by permission under I.A.R. 12. *Kindred v. Amalgamated Sugar Co.,* 118 Idaho 147, 149, 795 P.2d 309, 311 (1990).

*North Pacific Ins. Co.,* 130 Idaho at 253, 939 P.2d at 572. The Court in *Kindred* stated:

Generally, an appeal under I.A.R. 12 will be permitted when the order involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal may materially advance the orderly resolution of the litigation. *Budell v. Todd,* 105 Idaho 2, 665 P.2d 701 (1983).

Contrary to this case, the respondents in neither of those cases had challenged the appealability of the orders sought to be reviewed; and the Supreme Court only identified the procedural defect at the time of or after oral argument.

In his brief presented to the district court on appeal, Maynard argued that the order imposing a discovery sanction is not an order from which an appeal may be taken pursuant to the criminal rules or the appellate rules and that the State did not pursue a permissive appeal in accordance with I.A.R.12. The district court erred because it failed to consider whether "substantial legal issues of great public interest or legal questions of first impression are involved." Such error was harmless, however, because both are involved here.

## II.

The Court finds the magistrate erred in imposing the discovery sanction not allowing any blood test, or the testimony of Stuart Jacobsen, the state's expert on the blood test. This issue addresses the interplay between discovery rule, Idaho Criminal Rule 16, and Idaho Rule of Evidence 705. The magistrate found that the State had violated or failed to comply with Rule 16 of the Idaho Criminal Rules by failing to provide defendant "all facts and data upon which [the State's] expert witness bases each and every opinion or inference which may or shall be intended to be included" in the expert's testimony. The magistrate determined that under I.R.E. 705, and because the information had been requested but not provided by the State, the testimony of the State's witness would not be allowed.

■ Idaho Rule of Evidence 705 specifically deals with the procedure for admission or cross-examination in the trial for an expert opinion:

The expert may testify in terms of opinion or inference and give the reasons therefore without prior disclosure of the underlying facts or data, provided that the court may require otherwise, and provided further that, if requested pursuant to the rules of discovery, the underlying facts or data were disclosed. The expert may in any event be required to disclose the underlying facts or data on cross-examination.

The rule is similar to Federal Rule of Evidence 705 in its form prior to the 1993 amendment, which changed the wording "without prior disclosure of" to "without first testifying to."[2] Wright & Gold, FEDERAL PRACTICE AND PROCEDURE: Evidence § 6291 at 411 (1997). The Federal Advisory Committee's Note regarding the 1993 amendment to Rule 705 explains:

This rule, *which relates to the manner of presenting testimony at trial,* is revised to avoid an arguable conflict with revised Rules 26(a)(2)(B) and 26(e)(1) of the Federal Rules of Civil Procedure or with revised Rule 16 of the Federal Rules of Criminal Procedure, which require disclosure in advance of trial of the basis and reasons for an expert's opinions. (Emphasis added.)

*Id.* at 408. The amendment thus makes it clear that the provision ha[s] no effect on the obligation to disclose an expert's underlying facts and data during pretrial discovery. *Id.* at 420.

unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination.

---

**2.** Federal Rule of Evidence 705 reads as follows: The expert may testify in terms of opinion or inference and give reasons therefor without first testifying to the underlying facts or data,

The rule deals with the adequacy of the foundation for the [expert] opinion. Rule 705 determines the timing and necessity for establishing the foundation at trial. Great emphasis is placed on the use of cross-examination to provide the trier of fact with sufficient information to properly assess the weight to be given any opinion.

2 Wigmore, Evidence § 665b n.1 at 925(Chadbourn rev.1979). As can be seen, the rule does not change or impact pre-trial discovery rules or discovery decisions by a court. As stated by a preeminent Idaho commentator with respect to I.R.E. 705:

Properly applied, the rule will allow the expert to state an opinion based on inadmissible evidence and to indicate the general nature of the sources on which the expert has relied, but not to disclose, directly or indirectly, the contents of the sources on direct examination unless they are otherwise admissible.

D. Craig Lewis, IDAHO TRIAL HANDBOOK § 16.9 at 187 (1995).

Idaho Criminal Rule 16, which was adopted and made effective July 1, 1980, was obviously designed to amplify the provisions of I.C. § 19–1309 to assist prosecutors and defense counsel in utilizing discovery processes. *State v. Thompson*, 119 Idaho 67, 803 P.2d 973 (1990). Section (b) of I.C.R. 16 provides for disclosure of evidence and materials by the prosecution upon written request of the defendant, including reports of examinations and tests under (b)(5) and the names and addresses of state witnesses having knowledge of relevant facts who may be called to testify at trial under (b)(6). By its very language, Rule 16(b)(6) seeks to identify as part of the discovery process the State's witnesses and, if requested in writing, to furnish to the defense "the statements made by the prosecution witnesses or prospective prosecution witnesses to the prosecuting attorney or prosecuting attorney's agents or to any official involved in the investigation process of the case...." I.C.R. 16(b)(6). The discovery provision, however, does not mandate disclosure of the facts and data forming the basis of expert opinions of the State's witnesses, and any request for that information is beyond the usual scope of I.C.R 16.

Provisions governing discovery appear in both the civil rules and the criminal rules, which for the most part are mutually exclusive. *See Griffith v. State*, 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct.App.1992); I.C.R. 57(b)(holding the discovery provisions in the civil rules not applicable in post-conviction proceedings unless so ordered by the district court). *See also Jacobsen v. State*, 99 Idaho 45, 50, 577 P.2d 24, 29 (1978)(holding the rules of civil procedure generally applicable in habeas proceedings, suggesting however that the liberal rules of discovery, normally applicable in civil cases, might be inappropriate in habeas cases). *Ausman v. State*, 124 Idaho 839, 842, 864 P.2d 1126, 1129 (1993) (civil rules apply only to the extent they are not in conflict with Idaho Misdemeanor Criminal Rules). Idaho Criminal Rule 16, noted above, is not as broad as I.R.C.P.26(b)(4)(A)(i), which specifically provides that "a party may through interrogatories require another party to ... state the subject matter on which the expert is expected to testify, and to state the substance of the opinions ... and to state the underlying facts and data upon which the expert opinions are based, in conformity with Rule 705 I.R.E. (ii)." There was no motion pursuant to I.C.R. 16(b)(8). Therefore, the magistrate's order to disclose the facts and data underlying the expert's opinion is not within the scope of the applicable criminal discovery rules, and therefore the ordered sanction of preventing the expert from testifying was error.

### CONCLUSION

We conclude the magistrate erred in imposing a discovery sanction for a defense request not allowed by the Idaho Criminal Rules. The case is remanded for further proceedings consistent with this decision.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN Concur.