185 P.3d 268

STATE of Idaho, Plaintiff–Respondent,

v.

Benjamin SAVAGE, Defendant–Appellant.

No. 34086.

Court of Appeals of Idaho.

May 13, 2008.

General, Boise, for respondent. Rebekah A. Cudé argued.

PERRY, Judge.

Benjamin Savage appeals from his judgment of conviction for unlawful transportation of an alcoholic beverage. Specifically, Savage asserts that the magistrate erred in denying his motion to suppress evidence seized from his pickup and that the district court erred in affirming the magistrate's order denying Savage's motion to suppress on interlocutory appeal. For the reasons set forth below, we dismiss Savage's appeal.

## I.

### FACTS AND PROCEDURE

During a traffic stop conducted to serve Savage with a domestic protection order, the police discovered a plastic cup containing an alcoholic beverage in the center console of Savage's pickup and cited Savage for unlawful transportation of an alcoholic beverage. Savage filed a motion to suppress the evidence obtained during the stop. The magistrate ruled at a hearing that the search was lawful and subsequently issued an order denying the motion to suppress. Savage filed a motion in the district court requesting permission for an interlocutory appeal of the magistrate's order denying his motion to suppress, which the district court granted. At a hearing, the district court concluded that the officers did not violate Savage's rights when they discovered the plastic cup. The district court subsequently issued a written order affirming the magistrate. The filing stamp date handwritten on the district court's order was November 22, 2006. Savage did not immediately appeal to the Supreme Court from the district court's order. Rather, Savage elected to proceed on remand to the magistrate in defense of his charge.

Savage thereafter pled guilty to unlawful transportation of an alcoholic beverage but, in the written plea agreement with the state, reserved the right to appeal the order denying his motion to suppress. The magistrate imposed a fine of $100. On March 25, 2007, Savage filed a notice of appeal in the magistrate court. The notice of appeal stated that

Blaser, Sorensen & Oleson, Blackfoot, for appellant. Justin M. Oleson argued.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney

Savage was appealing directly to the Idaho Supreme Court from the magistrate's final judgment, with the only two issues listed in the notice of appeal both challenging the magistrate's order denying the motion to suppress. The notice of appeal cited Idaho Appellate Rule 11(c)(10) as a basis for the Supreme Court's appellate jurisdiction. Savage subsequently filed his notice of appeal and the county clerk's certificate of appeal in the Supreme Court.

Savage's appeal was assigned to this Court. The parties initially briefed only the merits of the magistrate's order denying the motion to suppress and the district court's appellate decision affirming that order. At oral argument, the state provided supplemental authority on the issue of whether this Court has jurisdiction over Savage's appeal. Although we declined to hear oral argument on the jurisdictional issue when the state had not presented the argument in its respondent's brief, we ordered and the parties filed supplemental briefs on the issue, which we hold determinative of Savage's appeal.

## II.

### STANDARD OF REVIEW

■ A question of subject matter jurisdiction is fundamental; it cannot be ignored when brought to our attention and should be addressed prior to considering the merits of an appeal. *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003). Even if jurisdictional questions are not raised by the parties, we are obligated to address them, when applicable, on our own initiative. *Id.* The question of a court's subject matter jurisdiction is a question of law over which this Court exercises free review. *Id.*

## III.

### ANALYSIS

■ Idaho Criminal Rule 54.1 governs criminal appeals from the magistrate division to the district court and provides that, generally, a party may not appeal an order or decision of a magistrate to the Supreme Court. A magistrate's order denying a suppression motion is an interlocutory order,

from which no appeal may be immediately taken to the district court as a matter of right. *See State v. McCarthy*, 133 Idaho 119, 122, 982 P.2d 954, 957 (Ct.App.1999). *See also* I.C.R. 54.1. A criminal appeal may be taken to the district court, however, from a magistrate's interlocutory order "when processed in the manner provided by Rule 12 of the Idaho Appellate Rules and accepted by the district court." I.C.R. 54.1(i). *See also State v. Maynard*, 139 Idaho 876, 878, 88 P.3d 695, 697 (2004). Idaho Appellate Rule 12 specifies that a party seeking to pursue a permissive appeal from an interlocutory order must obtain permission from both the court from which the appeal is taken and the appellate court. I.A.R. 12(b), (c). *See also McCarthy*, 133 Idaho at 122, 982 P.2d at 957. Once permissive appeals of magistrates' interlocutory orders proceed to the district court, I.A.R. 11(c)(10) provides that there shall be an appeal as a matter of right from decisions by the district court on criminal appeals from a magistrate, either dismissing the appeal or affirming, reversing or remanding.

Pursuant to Idaho Appellate Rule 14, all appeals permitted or authorized by the Idaho Appellate Rules, except permissive appeals as provided in I.A.R. 12, shall be taken and made in the manner and within the time limits set forth in I.A.R. 14. That rule also provides, in relevant part:

> Any appeal as a matter of right from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order or decree of the district court appealable as a matter of right in any civil or criminal action.

I.A.R. 14(a). The failure to physically file a notice of appeal with the clerk of the district court within the time limits prescribed is jurisdictional and requires automatic dismissal of such appeal upon the motion of any party or upon the initiative of the Supreme Court. I.A.R. 21. *See also McCarthy*, 133 Idaho at 123, 982 P.2d at 958.

■ Savage did not timely file a notice of appeal of the district court's appellate deci-

sion on the magistrate's interlocutory order denying his motion to suppress evidence as required by the Idaho Appellate Rules. After the district court affirmed the magistrate's interlocutory order, Savage could have appealed that decision to the Supreme Court as a matter of right pursuant to I.A.R. 11(c)(10). *Any appeal as a matter of right* from the district court *may be made only by physically filing a notice of appeal* with the clerk of the district court *within forty-two days* of the judgment, order or decree. I.A.R. 14(a).[1] The date evidenced by the handwritten filing stamp on the district court's order was November 22, 2006, and Savage was required to file a notice of appeal within forty-two days of that date in order to confer jurisdiction on this Court over the district court's appellate decision. *See* I.A.R. 14(a); I.A.R. 21. However, Savage elected to proceed on remand before the magistrate rather than continue pursuing his ongoing appeal rights granted him under his permissive appeal. Savage did not file a notice of appeal challenging the magistrate's order denying the motion to suppress and the district court's decision affirming that order until March 25, 2007.

Idaho Appellate Rule 14 does not require the filing of a notice of appeal within forty-two days of the order appealed for permissive appeals, which are instead governed by I.A.R. 12. In *State v. Bicknell,* 140 Idaho 201, 203, 91 P.3d 1105, 1107 (2004), the Court granted the state's request for permissive appeal filed prior to entry of final judgment but after the 42–day period to appeal as a matter of right from an order granting a motion to suppress evidence pursuant to I.A.R. 11(c)(7). *Bicknell* is distinguishable, however, because Savage did not take any steps to pursue a permissive appeal of the district court's appellate decision at any time before or after entry of final judgment by the magistrate. Indeed, Savage's notice of appeal only cited I.A.R. 11(c)(10) as the basis for the Supreme Court's jurisdiction and purports not to appeal from the district court's

appellate decision but directly from the magistrate's judgment.

■ We are also not persuaded by Savage's assertion that I.A.R. 11 is ambiguous and the rule of lenity thus requires us to consider his appeal.[2] Savage interprets I.A.R. 11(c)(7) as stating that, prior to entry of final judgment, a party may *only* appeal to the Supreme Court from an order granting a motion to suppress and not from an order denying a motion to suppress. According to Savage, I.A.R. 11(c)(7) prevents a party from appealing to the Supreme Court from an interlocutory appellate decision by the district court on a magistrate's order denying a motion to suppress. Savage misreads I.A.R. 11(c)(7), which states that a party may appeal as a matter of right from a district court's "order granting a motion to suppress." The purpose for allowing an interlocutory appeal of an order suppressing evidence is to correct errors in the exclusion of evidence prior to an improper acquittal of a defendant based on such exclusion because the defendant could not be retried after acquittal and a subsequent appeal. *See State v. Young,* 136 Idaho 113, 118, 29 P.3d 949, 954 (2001). Idaho Appellate Rule 11(c)(7), however, would not apply here because Savage's appeal is from a *magistrate's* order on a motion to suppress. *See* I.A.R. 2(b)(1). The rule that governed Savage's appeal of the magistrate's order on the motion to suppress was I.C.R. 54.1, which also provides, in part, for an appeal to the district court from a magistrate's order "granting a motion to suppress evidence in a misdemeanor criminal action." I.C.R. 54.1(d). More importantly, the plain language in I.A.R. 11(c)(7) and I.C.R. 54.1(d) does not refer to orders by magistrates *denying* motions to suppress or place any limitations on appeals from the district courts' appellate decisions to the Supreme Court pursuant to I.A.R. 11(c)(10). Idaho Appellate Rule 11(c)(7) and I.C.R. 54.1(d) do not render I.A.R. 11(c)(10) ambiguous. We conclude that Savage's failure to file a notice of

1. Certain circumstances set forth in I.A.R. 14(a) warrant expansion of the time to file a notice of appeal in criminal case where a party may appeal as a matter of right, but those circumstances are not present in this case.

2. The rule of lenity requires that courts construe ambiguous criminal statutes in favor of the accused. *State v. Shanks,* 139 Idaho 152, 156, 75 P.3d 206, 210 (Ct.App.2003).

appeal within forty-two days from the district court's appellate decision was jurisdictional and requires automatic dismissal of his appeal of the magistrate's order denying the motion to suppress and the district court's appellate decision affirming that order.

■ Finally, Savage has failed to persuade us that, because he filed a timely notice of appeal from the magistrate's final judgment, the proper remedy is for this Court to remand his case to the district court. Savage improperly appealed the final judgment entered by the magistrate directly to the Supreme Court. *See* I.C.R. 54.1(a). As we have already held, I.A.R. 21 requires automatic dismissal of an appeal of the magistrate's order denying the motion to suppress due to Savage's failure to file a timely notice of appeal from the district court's appellate decision. The only issues presented in Savage's notice of appeal and argued before this Court challenge the magistrate's order denying the motion to suppress. Savage does not assert that he would raise any other issues if we were to remand this case and provide him with the opportunity to appeal to the district court from the magistrate's final judgment. Therefore, a remand would not be the proper remedy because it would allow Savage a second attempt to perfect an appeal that he did not perfect in the first instance. Accordingly, we decline to remand this case to the district court.

## IV.

### CONCLUSION

Savage failed to timely file a notice of appeal from the district court's appellate decision on his permissive, interlocutory appeal, which affirmed the magistrate's order denying his motion to suppress. We therefore lack jurisdiction over Savage's appeal of the district court's decision affirming the magistrate's order denying suppression. Because Savage does not assert that he would raise any other issues if provided with the opportunity to appeal to the district court from the magistrate's final judgment, we decline to

remand this case to the district court. We dismiss Savage's appeal.

Chief Judge GUTIERREZ and Judge LANSING, concur.

